Hollis GREENLEE et al *v*. Edna MUNN,
Clerk et al

77-279                                          559 S.W. 2d 928

Opinion delivered January 16, 1978
(In Banc)

*Thurman Ragar, Jr.,* for appellants.

*Robert Tolson, Jr.,* Pine Bluff City Atty., for appellees.

JOHN A. FOGLEMAN, Justice. Appellants argue that the circuit court erred in denying their petition for a writ of mandamus to require the City Clerk and other officials of the City of Pine Bluff to submit its Ordinance No. 4591 to a referendum. We agree with the trial court and affirm.

The case was submitted upon a stipulation of fact. Ordinance No. 4591 appointing Leroy Boas to the Civil Service Commission of the City of Pine Bluff was passed on April 4, 1977, and passed over the mayor's veto on April 18, 1977. This appointment was made pursuant to Ordinance No. 2994 of the City of Pine Bluff, which was adopted on August 16, 1949, pursuant to Act 326 of 1949, which authorized the city council of every city of the first class having a civil service system to name commissioners, by ordinance, to serve on a Board of Civil Service Commissioners. On May 18, 1977, petitioner and others submitted petitions for a referendum on the ordinance to the City Clerk of Pine Bluff, which they allege contained a sufficient number of signatures to require the calling of a referendum. The city clerk has failed to take any action on these petitions.

Appellants contend that the ordinance in question is subject to referendum. We do not agree that it is under the test prescribed in our interpretation of Amendment 7 to the Arkansas Constitution in *Scroggins v. Kerr,* 217 Ark. 137, 228 S.W. 2d 995. There we said that not all ordinances enacted by a city council were subject to the referendum provisions of Amendment 7, which reserved the power of referendum on all municipal *legislation* of every character to the voters of the municipality. In *Scroggins,* we pointed out that the separation of powers in city governments is not so complete that all aldermanic activities are legislative in character, because city councils act administratively and judicially, or at least quasi-judicially, as well as legislatively. As between administrative and legislative actions we applied the test stated at 1 McQuillin, Municipal Corporations (2d Ed., rev. 1940) 1000. The crucial test there stated is whether the action is one making a new law or one executing a law already in existence, regardless of the form or name put on the action, fully recognizing that executive powers are often vested in a city council and exercised by motion, resolution or ordinance. Under that test executive action by ordinance is not subject to referendum, which is directed toward "municipal legislation" alone. Mr. Justice Leflar, speaking for the majority, stated the rule thus:

> Similarly, if there is a law already enacted which authorizes the very action provided for by a later resolution or ordinance, then there is no right to have a referendum on the new measure. It is not a new law, but only a procedural device for administering an old law. The right of referendum should have been exercised when the original measure, the enactment that put the law on the books, was newly adopted. ***

Ordinance No. 4591 was authorized, not only by Act 326 of 1949, but, more significantly, by Ordinance No. 2994. Under *Scroggins,* the time for referendum was the time of the enactment of Ordinance No. 2994, the new law, pursuant to which Ordinance No. 4591, the procedural device, was enacted.

Appellants would have us avoid the impact of *Scroggins* by holding that the rules there stated were by way of dictum and that, in any event, *Scroggins* was wrongly decided. We can

do neither. In order for this court to decide whether the action taken by the Little Rock City Council, called into question in *Scroggins,* was subject to the referendum provisions of Amendment 7, it was necessary that we construe the amendment and apply an appropriate test. Our adoption of the distinction between administrative action and legislative action and the application of that test were essential to that decision. In that case, as here, the city officials had declined to call a referendum election, contending that Amendment 7 did not apply to the action on which referendum was sought. The mere fact that we found the action there to be legislative did not render the process of rejecting the city's argument dictum.

We reject the contention that *Scroggins* was wrongly decided, when we held that only legislative action as distinguished from administrative action, is subject to referendum under Amendment 7. Appellant's argument is that when the amendment speaks of municipal legislation of every character and defines "measure," as used in the amendment, as "any bill, law, ordinance, resolution, charter, constitutional amendment or legislative proposal or enactment of any character," any ordinance is subject to referendum. We do not so read the amendment. Insofar as municipalities are concerned, the referendum powers reserved to the local voters of the municipality were "as to all local, special and municipal *legislation* of every character." [Emphasis ours.] Municipalities were authorized to provide for exercise of referendum "as to their local *legislation*." [Emphasis ours.] The word "measure" is nowhere mentioned in the reservation of the power or in the authorization to municipalities to provide for its exercise. In any event, we find nothing in the definition of "measure" that indicates that it was the intent of the people that any bill, law, resolution or ordinance be subject to referendum provided for by the amendment, unless it constituted legislation.

We likewise reject appellants' argument that the ordinance in question is legislation. If the test set out in *Scroggins* is determinative, it cannot be; and we do not agree that the ordinance is legislative in character because it creates a right, duty or status in the appointee which is not dependent on a previous right, duty or status. The board is vested

and has for a long time been vested with the right, duty or status provided for by legislation by the General Assembly and by the enabling ordinance of Pine Bluff. The right, duty or status of the appointee is dependent upon the right, duty and status provided for in that earlier legislation.

Certainly, the people, in adopting Amendment 7 and making it applicable to municipalities did not intend that it be so broad in scope as to frustrate administrative action essential to efficient administration of the city's affairs, by annulment or delay of executive conduct, even by ordinance — a hazard pointed out in the statement of the test by McQuillen, which was quoted in *Scroggins*.

The judgment is affirmed.

HARRIS, C.J., not participating.

Mr. Justice Byrd concurs in the result only.