Charles GREGG *v.* Terry C. HARTWICK, North Little
Rock Mayor; Martin GIBSON, Aubrey BLANKS, Otha
WARREN, Olen THOMAS, William E. GEORGE, John
EVANS, Stuart VESS & Charles KIMBRELL, North
Little Rock Aldermen

87-146                                          731 S.W.2d 766

Supreme Court of Arkansas
Opinion delivered June 29, 1987

*Charles L. Carpenter*, for appellant.

*Jim Hamilton*, City Att'y, by: *Thomas J. Pendowski*, Asst. City Att'y, for appellee.

JACK HOLT, JR., Chief Justice. This expedited appeal seeks a writ of mandamus ordering the appellees, North Little Rock's mayor and aldermen, to conduct a special referendum election on the voluntary annexation of certain lands by the city. The circuit court denied the request for the writ. It is from that order that this appeal is brought. We find that amendment 7 to the Arkansas Constitution requires the city to hold an election and accordingly, reverse the trial court and direct it to issue the writ of mandamus.

The history of this case is as follows. On October 21, 1986, the Pulaski Circuit Court ordered a petition for the voluntary annexation of approximately 1,500 acres into the City of North

Little Rock be granted and approved. That judgment was filed on November 21, 1986. On November 24, 1986, the North Little Rock City Council adopted Resolution No. 3075, accepting the proposed area into the city on the effective date of the circuit court judgment. Appellant, Charles Gregg, and other citizens, filed a referendum petition on December 22, 1986, to refer Resolution No. 3075 to a vote of the people for their approval or rejection. The petition contained a sufficient number of signatures to be a valid petition. The city council has not referred the resolution to a vote of the people because the council does not regard the resolution as "municipal legislation" properly subject to a referendum. When the council refused to act, Gregg filed this action in Pulaski Circuit Court on March 20, 1987, seeking a declaratory judgment that the resolution was "municipal legislation" and therefore subject to the referendum, and a writ of mandamus, directing the council members to call a special election. The trial court denied the requested relief.

■■ The purpose of a writ of mandamus is to enforce an established right or compel the performance of a duty. *Lewis v. Conlee, Mayor et al.*, 258 Ark. 715, 529 S.W.2d 132 (1975). Amendment 7 provides in pertinent part:

> The initiative and referendum powers of the people are hereby further reserved to the local voters of each municipality and county as to all local, special and municipal legislation of every character in and for their respective municipalities and counties, . . .

> . . . .

> Every extension, enlargement, grant, or conveyance of a franchise or any rights, property, easement, lease, or occupation of or in any road, street, alley or any part thereof in real property or interest in real property owned by municipalities, exceeding in value three hundred dollars, whether the same be by statute, ordinance, resolution, or otherwise, shall be subject to referendum and shall not be subject to emergency legislation.

■■ We first address whether the city council's resolution must be considered "local, special and municipal legislation" to which referendum powers apply. This court has explained that

the test for determining whether a resolution is municipal legislation "is to determine whether the proposition is one that makes new law or to execute a law already in existence. The power or authority to be exercised is legislative in its nature if it prescribes a new policy or plan; while on the other hand, it is administrative in its nature if it simply pursues a plan already adopted by the legislative body . . ." *City of North Little Rock* v. *Gorman et al.*, 264 Ark. 150, 568 S.W.2d 481 (1978); *Greenlee et al.* v. *Munn, Clerk et al.*, 262 Ark. 663, 559 S.W.2d 928 (1978); and *Scroggins* v. *Kerr*, 217 Ark. 137, 228 S.W.2d 995 (1950).

In applying this test, however, we are mindful of the fact that we have long held that amendment 7 is to be liberally construed in order that its purposes may be effectuated. *Leigh & Thomas* v. *Hall, Secretary of State*, 232 Ark. 558, 339 S.W.2d 104 (1960). In that case we stated:

> Amendment No. 7 permits the exercise of the power reserved to the people to control, to some extent at least, the policies of the State, but more particularly of counties and municipalities, as distinguished from the exercise of similar power by the Legislature, and, since that residuum of power remains in the electors, their acts should not be thwarted by strict or technical construction. . . . In construing this amendment, it is our duty to keep constantly in mind the purpose of its adoption and the object it sought to accomplish. That object and purpose was to increase the sense of responsibility that the lawmaking power should feel to the people by establishing a power to initiate proper, and to reject improper legislation.

In *Lewis* v. *Conlee, Mayor, et al.*, *supra* we quoted *Cochran, Mayor* v. *Black*, 240 Ark. 393, 400 S.W.2d 280 (1966) as follows:

> We are firmly committed to a liberal construction of constitutional Amendment No. 7, bearing in mind the purpose of its adoption and the object it sought to accomplish. This amendment provides a necessary and potent protection against ill-advised, oppressive or improvident legislative functions, and actions of the electors thereunder, in attempting to obtain relief, *should not be thwarted by strict or technical construction . . . .* We are neither authorized nor remotely inclined to disturb the proper

application of this wholesome constitutional reservation of power to the people.

█ Applying the aforementioned test under the terms of the amendment, we hold that the resolution approving the annexation was municipal legislation in that it was a new law. The statutory procedure for annexing land provides that, before the annexation is final, the city council must pass an ordinance or resolution accepting the territory. Ark. Stat. Ann. §§ 19-305, 19-306 (Repl. 1980). Since confirmation of the annexation is dependent on this action by the city council, such action cannot be considered merely the execution of a law already in existence. Rather the power exercised by the city council prescribes a new law and is municipal legislation. In addition, amendment 7, by its terms, provides that any resolution enlarging or extending a franchise shall be subject to referendum. A resolution approving an annexation pertains to an enlargement or extension of the services offered by the city to a new area. Therefore, when the city passed the resolution approving the annexation, the voters acquired a right to hold an election. Since the voters have an established legal right, mandamus should issue to compel the election.

█ The North Little Rock mayor and alderman argue that, if an election is ordered, it should be postponed until a decision has been handed down by this court in an appeal that was taken of the circuit court judgment entered November 21, 1986. We decline to postpone the election. We explained in *Lewis* v. *Conlee, Mayor et al., supra,* that the matter of setting a date for an election is normally a matter of legislative discretion, but that that discretion cannot be exercised in a fashion that would nullify the intent of amendment 7. The same is true here. The people have a right, under amendment 7 to an election on the resolution passed by the city council. It is therefore up to the city to hold the election within a reasonably prompt period of time.

Accordingly, the judgment is reversed and the cause is granted with directions to the Pulaski Circuit Court to issue its writ directing the North Little Rock City Council to set the referendum election, involved herein, within a reasonably prompt

period of time.