The Honorable Railey A. Steele State Representative Route 3, Box 52A Gentry, AR 72734-9305
Dear Representative Steele:
This is in response to your request for an opinion on the following question:
 What is the statute of limitations for asking a vote on an ordinance that has been duly passed by the city council? When I state asking for a vote, I refer to the process of petitioning by the electorate to have it placed on the ballot.
The answer to this question will, in my opinion, depend upon what the petitioners seek to accomplish through the vote. Assuming, as an initial matter, that the action of the city council in enacting the ordinance was legislative in nature and therefore subject to the initiative and referendum under the Arkansas Constitution,[1] a petition seeking to hold the ordinance in abeyance until the election, i.e., a referendum petition, must be filed within ninety days of the passage of the measure. Ark. Const. amend. 7 (see "Local Petitions").[2] I have, in this regard, enclosed a copy of Attorney General Opinion 92-183
which notes that in accordance with Amendment 7 and Arkansas Supreme Court decisions construing the municipal referendum provision, the petitioners cannot be required to file in less than thirty days after the passage of the measure, but must file within ninety days. See Op. Att'y Gen. 92-183 at 2-3.
If the electors seek to repeal the ordinance through the initiative, the petition must be filed not less than sixty nor more than ninety days before the election at which it is to be voted on. Ark. Const. amend. 7 (see "Local Petitions"). It is my opinion that a repeal may be accomplished through the initiative, regardless of the passage of the period for filing a referendum petition. This issue was thoroughly discussed in Attorney General Opinion 90-036, issued by a previous administration of this office, a copy of which is enclosed herein. I am in agreement that a local ordinance may be repealed by an initiative. See
Op. Att'y Gen. 90-036 at 4-7.[3]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
EAW:cyh
[1] Amendment 7 to the Arkansas Constitution states that "[t]he initiative and referendum powers of the people are hereby further reserved to the local voters of each municipality and county as to all local, special and municipal legislation of every character in and for their respective municipalities and counties. . . ." (Emphasis added.) The Arkansas Supreme Court has stated that the test for determining whether a local ordinance is a legislative measure (and thus subject to the initiative or referendum) or an administrative one (not subject to this petition process) ". . . is to determine whether the proposition is one that makes new law or to execute a law already in existence. The power or authority to be exercised is legislative in nature if it prescribes a new policy or plan; while one the other hand, it is administrative in its nature if it simply pursues a plan already adopted by the legislative body. . . ."Gregg v. Hartwick, 292 Ark. 528, 531, 731 S.W.2d 766 (1987) (citations omitted).
[2] A referendum petition will not, however, hold in abeyance an emergency measure. Such measures become law upon adoption, and if then rejected by the electors, are thereby repealed. Ark. Const. amend. 7 (see "State Wide Measures").
[3] Reference should, however, be made in this regard to the case of Ramsey v. Red, et al., No. E92-1009-02 (decided September 24, 1992), recently decided by the Saline County Chancery Court. Although I have not seen a copy of the decision, newspaper accounts indicate that the judge ruled against the petitioners in their attempt to obtain the repeal of a sales tax through an initiative. To the extent that the holding was that an ordinance cannot be repealed through the initiative, this would appear to run counter to my conclusion herein to this effect. If appealed, this case could provide state-wide precedent that would impact your question. The city may therefore wish to follow the progress of that case.