The Honorable V.O. "Butch" Calhoun State Representative P.O. Box 7 Des Arc, AR 72040-0007
Dear Representative Calhoun:
This is in response to your request for an opinion on the following questions:
 1. If a mayor resigns in a second class city, such as Judsonia, with over two and one-half years left on his or her term, is it legal for the city council to appoint a new mayor or should an election be held?
 2. If it is legal to appoint a replacement mayor, what could the people do to call for an election, seeing how there is so much time left on the term?
In response to your first question, A.C.A. § 14-44-106 (1987) provides as follows:
 Whenever a vacancy shall occur in the office of mayor in any city of the second class, at the first regular meeting after the occurrence of the vacancy, the city council shall proceed to either elect, by a majority vote of the aldermen, a mayor to serve the unexpired term or call for a special election to be held within thirty (30) days to fill the vacancy. At this election, a mayor shall be elected to fill out the unexpired term.
Thus, in accordance with § 14-44-106, the City Council has the option of either appointing someone to fill the unexpired term or calling a special election. There is no requirement that an election be held.
It is my opinion, in response to your second question, that there is no provision for calling an election, should the City Council choose to fill the vacancy by appointment. Section 14-44-106 vests the Council with discretion to either appoint a replacement or call a special election.
Regarding the authority of "the people" to call an election, the question arises whether this is a matter that is subject to the initiative or referendum power under Amendment 7 to the Arkansas Constitution. It must be recognized in this regard that according to the general rule, only legislative action, as distinguished from administrative or executive action, is subject to initiative and referendum. See generally Greenleev. Munn, 262 Ark. 663, 559 S.W.2d 928 (1978). As to the distinction between administrative and legislative actions, the Arkansas Supreme Court has stated that the crucial test is "whether the action is one making a new law or one executing a law already in existence. . . .Greenlee, supra, 262 Ark. at 666. "The power or authority to be exercised is legislative in its nature if it prescribes a new policy or plan; while on the other hand, it is administrative in its nature if it simply pursues a plan already adopted by the legislative body. . . ." Gregg v.Hartwick, 292 Ark. 528, 531, 731 S.W.2d 766 (1987), quoting City of NorthLittle Rock v. Gorman, 264 Ark. 150, 568 S.W.2d 481 (1978). The rule has been further elucidated as follows:
 Generally, an enactment originating a permanent law or laying down a rule of conduct or course of policy is purely legislative in character and referable, while an enactment which simply puts into execution previously declared policies or previously enacted laws is administrative or executive in character and not referable.
42 Am. Jur. 2d Initiative and Referendum 660 (1969).
Section 14-44-106 authorizes the City Council to either appoint a replacement mayor or call a special election to fill the vacancy. The action of the Council, when it chooses one of these methods, must, in my opinion, be characterized as administrative rather than legislative. There is no new law in that instance upon which the referendum can be invoked. Rather, the council is simply carrying out a previously enacted law.
With regard to the initiative power, it is my opinion that an effort to initiate local legislation mandating a special election to fill mayoral vacancies would be subject to challenge as being contrary to §14-44-106, which authorizes the city council to make the choice. In accordance with Amendment 7, "no local legislation shall be enacted contrary to . . . any general law of the State. . . ." Ark. Const. amend. 7 (under "Local Petitions").
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh