The Honorable Mike Beebe State Senator 211 West Arch Avenue Searcy, AR 72143-5331
Dear Senator Beebe:
This is in response to your request for an opinion on the following questions on behalf of the Mayor of the City of DeValls Bluff, Arkansas:
 1. Is the city council of a second class city's motion of hiring a second police officer legislative action or administrative action?
2. Is this motion subject to a referendum?
The answer to both of these questions will in my opinion depend on all of the facts surrounding the particular "motion." An initial question arises regarding the precise nature of the action taken by the council in this regard. More specifically, was any action taken on the motion? This is unclear from the questions posed. Typically, from a parliamentary procedure standpoint, a "motion" is a formal proposal by a member, in a meeting, that the assembly take certain action. See Roberts Rules ofOrder (1970) at 22. See also, e.g., A.C.A. § 14-14-904(k) (defining "motion" under the County Government Code). It seems that a mereproposal would not, alone, constitute either legislative or
administrative "action." There would thus be no issue in that instance concerning the referendum.
I will assume, however, for purposes of this opinion, that these questions are in fact asked with respect to some actual action of the city council sufficient to raise the referendum issue. The form or name put on the action is, we know, irrelevant when addressing the "legislative" versus "administrative" distinction. See Greenlee v. Munn,262 Ark. 663, 559 S.W.2d 928 (1978). The significance of the distinction between these two types of action of course lies in the fact that only legislative action, as opposed to administrative or executive action, is subject to referendum under Amendment 7 to the Arkansas Constitution.Greenlee, supra. See also generally Scroggins v. Kerr, 217 Ark. 137,228 S.W.2d 995 (1950). The answer to your first question will thus be determinative of your second question. That is, the city council's action in this regard will be subject to a referendum if it is determined to be legislative as distinguished from administrative in nature.
This determination will, again, depend upon the particular facts. It has been stated, generally, that
 [A]n enactment originating a permanent law or laying down a rule of conduct or course of policy for the guidance of citizens or their officers or agents is purely legislative in character and referable, while an enactment which simply puts into execution previously enacted laws is administrative or executive in character and not referable.
42 Am. Jur. 2d 660 Initiative and Referendum (2nd ed. 1969).
As stated by the Arkansas Supreme Court in Greenlee, supra, "[t]he crucial test . . . is whether the action is one making a new law or one executing a law already in existence, regardless of the form or name put on the action. . . ." 262 Ark. at 666.
With regard to the city council's action in connection with hiring a second police officer, it should perhaps be noted that city councils in Arkansas possess both legislative and executive powers. See A.C.A. §§14-42-102 and 14-43-502.[1] As stated in Scroggins, supra, "[c]ity governments in Arkansas know no such complete separation of powers as would automatically classify all aldermanic activities as legislative in character." 217 Ark. at 142. The specific action taken by the council must therefore be considered. If, for instance, the council is increasing the number of officers pursuant to its authority to establish and organize a city police department (see A.C.A. § 14-52-101), it is my opinion that the action would likely be deemed legislative in nature and subject to the referendum. This would be consistent with the general principle that "[a]n act . . . which creates or establishes any office, or changes the salary, term, or duty of any public officer is referable." 82 C.J.S. Statutes § 121 (1953).
If, however, the council is taking action to hire a particular police officer, it is my opinion that such action is in all likelihood administrative or executive, rather than legislative, and as such is not subject to a referendum. This presumes that the position has been established, and that the council is proceeding to fill it.[2] I believe the council in that instance would be acting administratively because it would be executing a law or pursuing a plan already in existence. See generally Gregg v. Hartwick, 292 Ark. 528, 531,731 S.W.2d 766 (1987).
It is thus apparent, in conclusion, that the ultimate question of whether the action taken by the council is administrative (not subject to the referendum) or legislative (subject to the referendum) requires a factual review. It is my opinion, however, as a general matter, that action taken in creating the position would be legislative, while the actual hiring of the officer would be administrative.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] Although by the terms of the Arkansas Code, § 14-43-502 applies only to cities of the first class, I have previously opined that it generally describes the powers of city councils in cities of the second class as well. Op. Att'y Gen. Nos. 96-328 and 95-367.
[2] In this regard, please note that the executive (administrative) authority of a city of the second class generally resides with the city council, except to the extent bestowed upon or delegated to another (such as the mayor or other municipal officer) by state statute or local ordinance. Op. Att'y Gen. 95-367 at 2.