The Honorable Shane Broadway State Representative 201 S.E. Second Street Bryant, AR 72022-4025
Dear Representative Broadway:
This is in response to your request for an opinion on several questions involving the proposed annexation of certain property to the City of Bryant. You have set out the relevant facts surrounding the City's adoption of an ordinance in this regard, and the petitioners' efforts to refer the ordinance to the people for a vote. Although you do not specify the applicable Code sections, I assume from the facts presented that this involves a voluntary annexation by petition of real estate owners pursuant to A.C.A. § 14-40-601 through -606 (1987).[1] According to your correspondence, the county court, after a hearing on the matter, entered an order on October 24, 1997, approving the annexation. See A.C.A. §§14-40-602 and -603. The city council adopted an ordinance on January 26, 1998, accepting the territory. See A.C.A. § 14-40-605. You note, finally, that petitions were then filed to refer the ordinance to a vote of the people.
Your specific questions regarding the above scenario are addressed below in the order posed.
 1. Who gets to vote in this election? Do just the people residing in the City of Bryant get to vote or do the people in the annexed area get to vote also?
This is a referendum election provided for under Amendment 7 to the Arkansas Constitution. See, e.g., Gregg v. Hartwick, 292 Ark. 528,731 S.W.2d 766 (1987) (holding that the people have a right, under Amendment 7, to hold a referendum election on a resolution passed by a city council under Ark. Stat. Ann. §§ 19-305 and -306 (now A.C.A. §§ 14-40-605 and -606) approving an annexation). It is thus clear, in my opinion, that the electors in the City of Bryant will vote in the election. This is in accordance with Amendment 7 wherein it provides, under "LOCAL PETITIONS" that the referendum powers are "reserved to the local voters of eachmunicipality. . . ." (Emphasis added.) I am aware of no authority for the proposition that residents of the annexed area would be entitled to vote in such an election.
 2. Does the date of June 16, 1998, have to stand because the petitioners used it on their petitions, or can the County Election Commissioners or the Bryant City Council change this date?
It is my opinion that the date for the election stated in the petition is not controlling. It is my opinion, in other words, that the petitioners do not have the final authority to set a special election date for a referendum. Accord Op. Att'y Gen. 93-140 (regarding a special election date for a library tax increase). Rather, because the city council is responsible, pursuant to Amendment 7, for ordering the election, the council in my opinion ultimately has the authority to set the date. See
Ark. Const. amend. 7 (subparagraph "Elections" under "GENERAL PROVISIONS," stating that "if the referendum is invoked as to any measure passed by a city or town council, such city or town council may order a special election.") This is in accord with the following statement fromGregg v. Hartwick, supra:
 We explained in Lewis v. Conlee, Mayor et al. supra, that the matter of setting a date for an election is normally a matter of legislative discretion, but that that discretion cannot be exercised in a fashion that would nullify the intent of amendment 7. . . . It is therefore up to the city to hold the election within a reasonably prompt time.
292 Ark. at 532 (emphasis added).
In response to your specific question, therefore, it is my opinion that the Bryant City Council can change the election date in this instance if it so chooses, but that its discretion in this regard is not unlimited. The council's action in setting the election will likely be scrutinized with an eye toward the reasonableness, under the particular facts and circumstances, of the time period involved.
3. If the date can be changed, by what authority could it be done?
As noted above, Amendment 7 provides the authority in this regard. Seealso Gregg v. Hartwick, supra.
 4. During the period before the election, do the people residing in the annexed area follow the zoning rules of the City of Bryant?
The answer to this question is, generally, "no." As a general matter, a referendum petition holds in abeyance a local ordinance, if the ordinance is not an emergency measure. This is in accordance with Amendment 7, which provides that "[a]ny measure referred to the people by referendum petition shall remain in abeyance until such vote is taken." Ark. Const. amend. 7 (under "STATE WIDE PETITIONS," subparagraph entitled "Referendum.") See also A.C.A. § 14-55-302 (1987) (providing that "[a]ny ordinance enacted by the governing body of any city or town in the state may be referred to a vote of the electors of the city or town for approval or rejected in the manner and procedure prescribed in Arkansas Constitution, Amendment 7. . . .")
You have indicated that the ordinance annexing the territory in this instance does not contain an emergency clause. The annexation is therefore held in abeyance until the vote is taken; and any zoning measure that would otherwise be inapplicable to areas outside the corporate limits will not apply to the annexed area during this period.
 5. During the period before the election, is the two-cent sales tax of the City of Bryant collected in this area?
The answer to this question is, similarly, "no." See response to Question 4 above.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] In accordance with A.C.A. § 14-40-601(a), "[w]henever a majority of the real estate owners of any part of a county contiguous to and adjoining any city or incorporated town shall desire to be annexed to the city or town, they may apply, by petition in writing, to the county court of the county in which the city or town is located. . . ."