The Honorable David Choate State Representative 709 North Main Street Beebe, Arkansas 72012-2821
Dear Representative Choate:
This is in response to your request for an opinion concerning a proposed ordinance of the City of Ward which would elevate that City from a city of the second class to a city of the first class. Your question is whether such an ordinance is subject to a referendum by the City's residents under Amendment 7 to the Arkansas Constitution. It is my opinion that the answer to your question is "yes."
You indicate that the City of Ward has obtained a recent census which allows it to advance from a city of the second class to a city of the first class by passing an ordinance under the provisions of A.C.A. §14-37-103(b)(2). That provision states that: "Any city having a population of one thousand five hundred (1,500) or more may, upon the enactment of an ordinance therefor, become a city of the first class, with all powers, authority and responsibility of other cities of the first class." This provision gives cities of the second class with populations of 1,500 or more an option of becoming a city of the first class.[1] I assume, therefore, that the City of Ward now has a population of 1,500 or more, and the city council wishes to pass an ordinance under A.C.A. § 14-37-103(b)(2) and become a city of the first class. You indicate that there is opposition from a number of citizens to the advancement of class status, and these individuals have represented that they will gather the signatures necessary for a referendum in accordance with Amendment 7 of the Arkansas Constitution.
You seek my opinion as to whether "advancement of class status is referable, or whether the passage of the ordinance contemplated under A.C.A. § 14-37-103(b)(2) is administrative, and therefore not subject to referendum."
It is my opinion, although there is no controlling Arkansas caselaw on point, that an ordinance passed under A.C.A. § 14-37-103(b)(2) is referable under the provisions of Amendment 7.
Amendment 7 to the Arkansas Constitution gives the electors of municipalities the power to refer to the voters "all local, special, and municipal legislation of every character. . . ." Amendment 7 ("LOCAL PETITIONS"). It has been stated, however, that: "[n]ot all ordinances enacted by City Councils come under the head of `municipal legislation.' City governments in Arkansas know no such complete separation of powers as would automatically classify all aldermanic activities as legislative in character." Scroggins v. Kerr, 217 Ark. 137, 228 S.W.2d 995 (1950). It has been noted that: "city councils often enact resolutions and ordinances that are administrative or executive in character." Id. at 143. The court in Scroggins set out the test for determining whether a city council action is legislative, and thus subject to referendum, or administrative, and not subject to referendum:
 Both legislative and executive powers are possessed by municipal corporations. . . . The crucial test for determining what is legislative and what is administrative is whether the ordinance is one making a new law, or one executing a law already in existence. . . . Executive powers are often vested in the council or legislative body and exercised by motion, resolution or ordinance. Executive action evidenced by ordinance or resolution is not subject to the power of the referendum, which is restricted to legislative action as distinguished from mere administrative action. The form or name does not change the essential nature of the real step taken. The referendum . . . is designed to be direct against `supposed evils of legislation alone.' `To allow it to be invoked to annul or delay executive conduct would destroy the efficiency necessary to the successful administration of the business affairs of a city.'
Id. at 143, quoting 1 McQuillin, Municipal Corporations (2d Ed., Rev., 1940), 1000. See also City of North Little Rock v. Gorman, 264 Ark. 150,568 S.W.2d 481 (1978) and Greenlee v. Munn, 262 Ark. 663, 559 S.W.2d 928
(1978).
It has been stated that: "As a general rule, a matter is legislative if it sets government policies or purposes, but is administrative if it merely carries out policies and purposes already declared." Carpenter, InWhose Court is the Ball? The Scope of the People's Power of DirectLegislation, 28 Arkansas Lawyer 35 (Spring 1994).
I have found no helpful Arkansas case law, and surprisingly, no helpful case law from any other jurisdiction on the precise point you present. Although a city council, when exercising its option under A.C.A. §14-37-103(b)(2), is implementing an existing statutory scheme for advancement to a higher classification of city, it is my opinion that such action sets new policy for the municipality, and is referable. Such a rise in classification changes the powers and duties of the officials of municipal government and brings about a wide array of changes in the authority of the city. In my opinion this action does not merely execute a law already in existence, but sets a new policy or plan for the conduct of municipal government. In addition, the evil to be prevented by the rule regarding the nonreferability of administrative actions is not present in this instance. As noted above, the referral of executive or administrative conduct is not allowed because it would "destroy the efficiency necessary to the successful administration of the business affairs of a city." No such disruption would be present under the circumstances you describe.
It is therefore my opinion, although we are without the benefit of Arkansas case law on the point, that an ordinance passed under A.C.A. §14-37-103(b)(2) is referable by the people.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Cities with populations over 2,500 are, by operation of law, deemed cities of the first class (A.C.A. § 14-37-103(a)(1)), and ordinarily cities with populations of 500 or more but fewer than 2,500 are deemed, by operation of law, cities of the second class. A.C.A. §14-37-103(a)(2).