The Honorable Jim Milum State Representative 607 Skyline Drive Harrison, AR 72601-2309
Dear Representative Milum:
This is in response to your request for an opinion on the following questions:
 1. Is a city ordinance changing or modifying water rates of that city deemed to be an administrative or a legislative action?
 2. Is such an ordinance, if deemed administrative, subject to referendum?
RESPONSE
Question 1 — Is a city ordinance changing or modifying water rates ofthat city deemed to be an administrative or a legislative action?
A conclusive answer to this question may require reference to the specific authority under which the ordinance is adopted. City councils are authorized under A.C.A. § 14-234-214 (Repl. 1998) to establish rates for municipal water service. The making or fixing of rates has been deemed to be a legislative act. See City of North Little Rock v. Gorman,264 Ark. 150, 568 S.W.2d 481 (1978); Lawrence v. Jones, 228 Ark. 1136,313 S.W.2d 228 (1958); Southern Cities Distributing Co. v. Carter,184 Ark. 4, 41 S.W.2d 1085 (1931). Assuming, therefore, that the ordinance in question is enacted pursuant to the city council's authority to fix rates (see, e.g., §14-234-214, supra), then it is my opinion that such an ordinance constitutes legislative action.
If, however, the city operates its waterworks through a waterworks commission, further analysis may be required. See A.C.A. §§ 14-201-104,14-201-203, and 14-234-302 (the various provisions under which cities may create commissions to operate and manage their waterworks systems). If the city, through the ordinance, is simply approving and confirming the actions of a waterworks commission pertaining to rates or charges therein, then it may well be that the ordinance constitutes administrative, as opposed to legislative, action. See Gorman, supra,264 Ark. at 160 (Fogleman, J., concurring); Kruzich v. West Memphis UtilityComm'n, 257 Ark. 187, 515 S.W.2d 71 (1974). A conclusive determination in this regard would, however, require analysis of the particular ordinance, as well as any other relevant ordinances pertaining to the duties and authority of the waterworks commission.
Question 2 — Is such an ordinance, if deemed administrative, subject toreferendum?
If it is determined that the ordinance is administrative in nature, then clearly such an ordinance is not subject to the power of referendum. Seegenerally Greenlee v. Munn, 262 Ark. 663, 559 S.W.2d 928 (1978); Scogginsv. Kerr, 217 Ark. 137, 228 S.W.2d 995 (1950).
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh