The Honorable Jay Bradford State Senator P.O. Box 8367 Pine Bluff, Arkansas 71611-8367
Dear Senator Bradford:
This is in response to your request for an opinion on whether the people can petition a referendum election on a line item of a municipal budget. It is my opinion that the answer to this question may depend upon the nature of the line item appropriation, but as a general matter it is possible for the people to call a referendum on a line item of a municipal budget.
Some explanation is necessary. The right of Arkansas citizens to initiate and refer legislation is guaranteed by Amendment 7 to the Arkansas Constitution. That amendment guarantees the right of statewide initiatives and referendums, as well as initiatives and referendums at the county and city level. Amendment 7 guarantees the voters of a city the right to initiate or refer all local, special and municipal legislation of every character. Amendment 7, ("Local Petitions" "Municipalities and Counties").[1] With regard to statewide referendums, Amendment 7 provides that the requisite number of petitioners may order the referendum against "any general act, or any itemof an appropriation bill . . ." ("Statewide Petitions" "Referendum") (emphasis added). See also Amendment 7 ("Initiative and Referendum" (first paragraph), reserving power of the people to "approve or reject at the polls any entire act or any item of an appropriation bill"). These particular provisions of Amendment 7 appear to address appropriation "bill[s]" of the General Assembly and do not refer to line items of appropriation ordinances of a municipality. Nevertheless, it is some indication of the intention of the drafters of Amendment 7 on the question of whether appropriation measures are subject to referendum.See, e.g., Op. Att'y Gen. 97-022, fn. 2.
As a general matter, therefore, in my opinion, line items of municipal budgets are subject to the people's power of referendum. A question may remain, in a particular instance, however, as to whether such a line item is excluded from the power of referendum under the common-law as an "administrative" rather than a "legislative" measure. It has been stated that: "[n]ot all ordinances enacted by City Councils come under the head of `municipal legislation.' City governments in Arkansas know no such complete separation of powers as would automatically classify all aldermanic activities as legislative in character." Scroggins v. Kerr,217 Ark. 137, 228 S.W.2d 995 (1950). It has been noted that: "[C]ity councils often enact resolutions and ordinances that are administrative or executive in character." Id. at 143. The court in Scroggins set out the test for determining whether a city council action is legislative, and thus subject to referendum, or administrative, and not subject to referendum:
 Both legislative and executive powers are possessed by municipal corporations. . . . The crucial test for determining what is legislative and what is administrative is whether the ordinance is one making a new law, or one executing a law already in existence. . . . Executive powers are often vested in the council or legislative body and exercised by motion, resolution or ordinance. Executive action evidenced by ordinance or resolution is not subject to the power of the referendum, which is restricted to legislative action as distinguished from mere administrative action. The form or name does not change the essential nature of the real step taken. The referendum . . . is designed to be directed against `supposed evils of legislation alone.' `To allow it to be invoked to annul or delay executive conduct would destroy the efficiency necessary to the successful administration of the business affairs of a city.'
Id. at 143, quoting 1 McQuillin, Municipal Corporations (2d Ed., Rev., 1940), 1000. See also City of North Little Rock v. Gorman, 264 Ark. 150,568 S.W.2d 481 (1978) and Greenlee v. Munn, 262 Ark. 663, 559 S.W.2d 928
(1978).
This particular point was addressed in an Opinion of my predecessor, Op. Att'y Gen. 97-022. That Opinion concluded that an entire municipal budget was not subject to the people's right of referendum, because it was an administrative or executive action rather than a legislative one. The Opinion carefully points out, however, that the conclusion therein did not suggest that all appropriation ordinances were immune from referendum. The Opinion stated:
 I do not mean to suggest that appropriation ordinances in general are immune from the people's power of referendum under Amendment 7. In fact, that Amendment, in delineating the right of state electors to refer measures, indicates that the referendum may be invoked against "any item of an appropriation bill." Arkansas Constitution, Amendment 7
("Referendum") (emphasis added). Apparently, the laws of some states preclude a referendum on any appropriation measure. ( See
122 A.L.R. 769 (1939)). This does not appear to be the law of Arkansas. See Cochran v. Black, 240 Ark. 393, 400 S.W.2d 280 (1966). In my opinion it still must be shown in each instance, however, that the appropriation ordinance sought to be referred is "legislative" in character, rather than administrative. It is my opinion that the adoption of the entire
budget of a municipality would be held by a court to be administrative rather than legislative.
See also, Op. Att'y Gen. 97-109, footnote 3 (setting of mayor's salary is legislative matter subject to referendum, distinguishing Op. Att'y Gen.97-022).
This conclusion is reinforced by a statement in Cochran v. Black,240 Ark. 393, 400 S.W.2d 280 (1966) that "[t]he appropriation of public money is specifically set forth as one of the acts to which the power is reserved to the people to approve or reject at the polls under 1 of constitutional Amendment No. 7." Id. at 397. The Cochran case involved a municipal initiative to repeal all actions taken by a municipality to establish and fund a housing authority. The Arkansas Supreme Court decided that those actions were legislative in character, rather than administrative, and thus subject to initiative and referendum powers.See also Scroggins v. Kerr, supra.
In my opinion therefore, a line item of a municipal budget is generally subject to the people's power of referendum. The power to appropriate money is generally thought of as being within the legislative power.See, e.g., Ex Parte City of Birmingham, 624 So. 2d 1018 (Ala. 1993). It still must be determined in each instance, however, whether the particular action sought to be referred is legislative in character, and thus subject to referendum, or administrative in character, and immune from referendum. An example of the latter is the budget ordinance in Op. Att'y Gen. 97-022. This determination will depend upon the facts in each case.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh
[1] In addition to Amendment 7, state statutes exist and also govern statewide and county initiative and referendums (see A.C.A. §§ 7-9-101 to -124, and A.C.A. §§ 14-14-914 to -919), but city initiatives and referendums are left in Amendment 7 to local municipal regulation. See
Amendment 7 ("Local Petitions" "Municipalities and Counties," second paragraph).