The Honorable Brenda Gullett State Senator 28 Longmeadow Pine Bluff, AR 71603
Dear Senator Gullett:
You have presented the following question for my opinion:
 Is a city ordinance abolishing the city's wastewater utility, which was created under the authority of A.C.A. § 14-201-201 et seq., subject to referendum under Amendment 7 to the Arkansas Constitution?
RESPONSE
It is my opinion that such an ordinance is subject to the initiative and referendum provisions of Amendment 7.
Amendment 7 reserves the powers of initiative and referendum to the local voters of each municipality "as to all local, special and municipal legislation of every character in and for their respective municipalities[.]" Ark. Const., Am. 7. The Arkansas Supreme Court has stated many times that Amendment 7 should be liberally construed to accomplish its purpose. For example, the court has stated in this regard:
 Amendment No. 7 permits the exercise of the power reserved to the people to control, to some extent at least, the policies of the State, but more particularly of counties and municipalities, as distinguished from the exercise of similar power by the Legislature, and, since that residuum of power remains in the electors, their acts should not be thwarted by strict or technical construction. We are supported in this idea of more liberal construction by the following case: "Ferrell v. Keel, 105 Ark. 380, 385, 151 S.W. 269, 272. In construing this amendment, it is our duty to keep constantly in mind the purpose of its adoption and the object it sought to accomplish. That object and purpose was to increase the sense of responsibility that the lawmaking power should feel to the people by establishing a power to initiate proper, and to reject improper legislation."
Leigh Thomas v. Hall, Secretary of State, 232 Ark. 558, 566;339 S.W.2d 104 (1960), quoting Ferrell v. Keel, 105 Ark. 380, 151 S.W. 269
(1912). Accord, Roberts v. Priest, 341 Ark. 813, 20 S.W.3d 376 (2000);Gregg, supra; Lewis v. Conlee, Mayor, 258 Ark. 715, 529 S.W.2d 132
(1975); Cochran, Mayor v. Black, 240 Ark. 393, 400 S.W.2d 280 (1966).
In interpreting Amendment 7, the court has consistently held that the powers of initiative and referendum extend only to legislative acts and not to administrative acts. See, e.g., Camden Community Dev. Corp. v.Sutton, 339 Ark. 368, 5 S.W.3d 439 (1999); Gregg v. Hartwick,292 Ark. 528, 731 S.W.2d 766 (1987); City of NLR v. Gorman, 264 Ark. 150,568 S.W.2d 481 (1978); Greenlee v. Munn, 262 Ark. 663, 559 S.W.2d 928
(1978); Scoggins v. Kerr, 217 Ark. 137, 228 S.W.2d 995 (1950).
The court has explained its test for distinguishing between legislative and administrative acts, as follows:
 [T]he test for determining whether a resolution is municipal legislation "is to determine whether the proposition is one that makes new law or to execute a law already in existence. The power or authority to be exercised is legislative in its nature if it prescribes a new policy or plan; while on the other hand, it is administrative in its nature if it simply pursues a plan already adopted by the legislative body . . ."
Gregg v. Hartwick, 292 Ark. at 531, citing Gorman, supra; Greenlee,supra; and Scroggins, supra.
Applying the foregoing test, the court has held the following to constitute legislative acts that were subject to referendum: a resolution approving an annexation proposal, Gregg, supra, an ordinance increasing rates for electric service for a purpose not authorized by any previous ordinance, Gorman, supra, and an ordinance authorizing cooperative agreements not authorized by any previous ordinance, Scroggins, supra. On the other hand, the court has held that an ordinance appointing a civil service commissioner pursuant to the power of appointment granted in a previous ordinance was administrative in nature, and not subject to referendum. Greenlee, supra. In the first group of cases, in which the court found the local acts to be legislative, the local acts in question did not simply carry out actions authorized by previous local acts; rather, they made new law or prescribed a new policy or plan. But inGreenlee, the local act did nothing more than pursue a plan that had already been adopted by the local body in a previous local act.
When I apply the court's test to the ordinance that you have described, I find that this ordinance is more like those that the court has found to be legislative. That is, an ordinance abolishing the city wastewater utility makes a new law. It prescribes a new policy and plan. This ordinance cannot be said to carry out a plan prescribed by a previous ordinance; indeed, it accomplishes the opposite of the previous applicable ordinance, which created the wastewater utility.[1]
For this reason, I must conclude that the ordinance abolishing the wastewater utility is legislative in nature, and is therefore subject to the powers of initiative and referendum that are granted in Amendment 7.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
[1] It cannot be argued that because the city council's act of abolishing the wastewater utility was taken under the authority of a previously existing state statute (A.C.A. § 14-201-201(b)), it therefore merely carried out a plan prescribed by a previous act. Such a reading of the court's test to distinguish legislative and administrative acts would result in no act of a city council being subject to initiative or referendum, since all acts of city councils are taken under the authority of previously-existing state statutes. The court's reference to previously-existing acts must be read as a reference to previously-existing acts taken by the same body.