The Honorable Brenda Gullett State Senator 28 Longmeadow Pine Bluff, AR 71603
Dear Senator Gullett:
You have presented the following question for my opinion:
 Is a city rezoning ordinance subject to referendum under Amendment 7 to the Arkansas Constitution?
RESPONSE
I am unable to answer this question definitively, because I am not authorized to determine a number of factual matters upon which the outcome depends. However, I will set forth an analysis of the issue and will recommend an approach to reaching a conclusion on the matter.
Amendment 7 to the Arkansas Constitution states in pertinent part:
 The legislative power of the people of this State shall be vested in a General Assembly, which shall consist of the Senate and House of Representatives, but the people reserve to themselves the power to propose legislative measures, laws and amendments to the Constitution, and to enact or reject the same at the polls independent of the General Assembly; and also reserve the power, at their own option, to approve or reject at the polls any entire act or any item of an appropriation bill.
* * *
 Municipalities and Counties — The initiative and referendum powers of the people are hereby further reserved to the local voters of each municipality and county as to all local, special and municipal legislation of every character in and for their respective municipalities and counties, but no local legislation shall be enacted contrary to the Constitution or any general law of the State, and any general law shall have the effect of repealing any local legislation which is in conflict therewith.
Ark. Const., Am. 7.
It is well-established that the powers of initiative and referendum under Amendment 7, as interpreted by the Arkansas Supreme Court, extend only to legislative acts and not to administrative acts. See, e.g., CamdenCommunity Dev. Corp. v. Sutton, 339 Ark. 368, 5 S.W.3d 439 (1999); Greggv. Hartwick, 292 Ark. 528, 731 S.W.2d 766 (1987); City of NLR v. Gorman,264 Ark. 150, 568 S.W.2d 481 (1978); Greenlee v. Munn, 262 Ark. 663,559 S.W.2d 928 (1978); Scoggins v. Kerr, 217 Ark. 137, 228 S.W.2d 995
(1950).
The court has explained its test for distinguishing between legislative and administrative acts, as follows:
 [T]he test for determining whether a resolution is municipal legislation "is to determine whether the proposition is one that makes new law or to execute a law already in existence. The power or authority to be exercised is legislative in its nature if it prescribes a new policy or plan; while on the other hand, it is administrative in its nature if it simply pursues a plan already adopted by the legislative body . . ."
Gregg v. Hartwick, 292 Ark. at 531, citing Gorman, supra; Greenlee,
supra; and Scroggins, supra.
As I recently noted in Attorney General Opinion No. 2002-082, the court has held the following to constitute legislative acts that were subject to referendum: a resolution approving an annexation proposal, Gregg,supra, an ordinance increasing rates for electric service for a purpose not authorized by any previous ordinance, Gorman, supra, and an ordinance authorizing cooperative agreements not authorized by any previous ordinance, Scroggins, supra. On the other hand, the court has held that an ordinance appointing a civil service commissioner pursuant to the power of appointment granted in a previous ordinance was administrative in nature, and not subject to referendum. Greenlee, supra. In the first group of cases, in which the court found the local acts to be legislative, the local acts in question did not simply carry out actions authorized by previous local acts; rather, they made new law or prescribed a new policy or plan. But in Greenlee, the local act did nothing more than pursue a plan that had already been adopted by the local body in a previous local act.
The Arkansas Supreme Court has not addressed the question of whether a city zoning ordinance is subject to referendum. The courts of other states have addressed the question, and the decisions go both ways. Among those in which the courts have held such ordinances to be legislative in nature and thus subject to referendum are the following: Fritz v. City ofKingman, 191 Ariz. 432, 957 P.2d 337 (1998); Greens at Fort Missoula, LLCv. City of Missoula, 271 Mont. 398, 897 P.2d 1078 (1995); Citizen'sAwareness Now v. Marakis, 873 P.2d 1117 (Utah, 1994); R.G. Moore Bldg.Corp. v. Committee for the Repeal of Ordinance R(C)-88-13, 239 Va. 484, 391 (S.E.2d 587 (1990); Yost v. Thomas, 36 Cal.3d 561, 685 P.2d 1152
(1984); Florida Land Co. v. City of Winter Springs, 427 So.2d 170 (Fla. 1983); Jacobs, Visconsi Jacobs Co. v. City of Burton,108 Mich. App. 497, 310 N.W.2d 438 (Mich.App., 1981); Margolis v. DistrictCourt, In and For Arapahoe County, 638 P.2d 297 (Colo. 1981); Smithv. Livingston Tp., 106 N.J. Super. 444, 256 A.2d 85 (1969).
Among the decisions in which the courts have held zoning ordinances to be administrative in nature, and thus not subject to referendum, are the following: Buckeye Community Hope Found. v. Cuyahoga Falls,82 Ohio St.3d 539, 697 N.E.2d 181 (1998); Leonard v. City of Bothell,87 Wash.2d 847, 557 P.2d 1306 (1976);West v. City of Portage, 392 Mich. 458, 221 N.W.2d 303
(1974); Forman v. Eagle Thrifty Drugs Markets, Inc., 89 Nev. 533,516 P.2d 1234 (1973); Kelley v. John, 162 Neb. 319, 75 N.W.2d 713
(1956).
I find the discussion of the Supreme Court of Utah in Citizen's AwarenessNow v. Marakis, 873 P.2d 1117 (Utah, 1994), to give particularly helpful guidance in analyzing this difficult question. Addressing the question of whether a zoning ordinance is administrative or legislative, the court stated:
 Zoning changes fall on a continuum between major changes in zoning law, such as the original enactment of zoning ordinances, at one end of the spectrum and simple implementations of zoning plans, such as exceptions and variances, at the other. Whether a particular zoning change amounts to a legislative or an administrative act is easily determined at these extremes. The original enactment of a zoning ordinance is usually legislative and subject to referendum, while the implementation of that ordinance is typically administrative and inappropriate for referendum.
* * *
 However, when a zoning change falls between these extremes, determining whether it is legislative or administrative in nature is more difficult. Indeed, as the dissent observed in [Wilson v. Manning, 657 P.2d 251 (Utah, 1982)], if we are going to continue to use "the [legislative-administrative] distinction, considerable clarification is needed in its application to zoning ordinances." Id. at 257 (Howe 
Durham, JJ., dissenting). We attempt today to provide that clarification.
Citizen's Awareness, 873 P.2d at 6. The Utah court went on to identify three elements that must be analyzed in order to determine whether a particular zoning ordinance is legislative or administrative: (1) general purpose and policy; (2) material variance; and (3) appropriateness of voter participation. Because an analysis of these elements will necessarily require a certain amount of fact-finding, I am not in a position to engage in such an analysis. I will, nevertheless, discuss the desirable parameters that should circumscribe the analysis.
General Purpose and Policy
In an analysis of the general purpose and policy of a re-zoning ordinance, the pertinent question should be whether the zoning change effected thereby falls within the general purpose and policy of the original zoning ordinance. The Utah court suggested that the analysis of this element should take into consideration such factors as the plain language of the ordinance, council meeting minutes, the intent of the enacting authority, and any other reliable and relevant evidence. If it is concluded that the ordinance does fall within the general purpose and policy of the original ordinance, it is administrative and subject to referendum. If, on the other hand, it does not comport with the general purpose and policy of the original ordinance, it is legislative in nature, and is subject to referendum.
Material Variance
An analysis of the "material variance" element is essentially a factual determination of the magnitude or importance of the zoning change. A central issue will be whether the change constitutes a new law, or merely the implementation of a previously-existing comprehensive plan. If the change is minor or simply adjusts a previous plan to current conditions, the ordinance is administrative and not subject to referendum.
Appropriateness of Voter Participation
The pertinent question in analyzing the appropriateness of voter participation is whether the zoning change in question is a matter of such complexity that it would be impractical for the public to participate in the determination of the matter. Regarding this element, the Utah court also urged consideration of "the practical exigencies of the operation of city government," Id. at 8, and warned against "the undesirable phenomenon of city government by referenda, an inefficient and often arbitrary system that virtually guarantees piecemeal land development.Id. The court further stated: "When contemplating this policy concern, trial courts should consider whether the change was a common, everyday zoning change or a rare or unusual change that will significantly alter the basic nature of the community." Id. This, of course, is a factual determination.
In my opinion, the Utah court's systematic approach to analyzing whether a re-zoning ordinance is legislative or administrative in nature provides a rational method for sorting out the difficult question of whether such an ordinance should be subject to referendum. I therefore recommend this approach. Because, as previously noted, this method will necessarily involve a number of factual considerations and determinations that I am not authorized to make, I am unable to engage in this analysis with regard to the ordinance about which you have inquired. Only a court can ultimately determine these matters.
In any event, it is my understanding that the city attorney has already advised the city clerk in this matter. Any opinion that I might render would be advisory only and would not constitute a final, binding resolution of this issue. This matter can only reach a final resolution through the institution of an action in court by the interested parties, pursuant to the statutorily-prescribed procedures.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General