CITY OF LITTLE ROCK *v.* INFANT-TODDLER MONTESSORI SCHOOL, INC. and Jyothi McMINN

80-175                                           606 S.W. 2d 743
Supreme Court of Arkansas
Opinion delivered October 13, 1980
Rehearing denied November 17, 1980

*R. Jack Magruder*, City Atty., and *Carolyn B. Witherspoon*, Asst. City Atty., for appellant.

*House, Holmes & Jewell*, by: *Robert L. Robinson*, for appellees.

JOHN F. STROUD, Justice. This is a suit for declaratory judgment to construe a portion of the zoning ordinances of the City of Little Rock. As we disagree with the findings of the chancellor, we reverse the decree.

Appellees purchased a parcel of real property in 1978 on Kavanaugh Boulevard with the intention of establishing a Montessori school for infants aged one through three years. The property was zoned "A" one-family district, as is the great majority of the property in the vicinity. However, there is an apartment house and duplex within the same half block of the subject property, a post office directly across the street, and a number of commercial establishments in the neighborhood. Appellees were denied permission by representatives of the city to use the property as a school for infants and toddlers.

After their appeals were denied by various administrative agencies, they ultimately brought suit seeking declaratory relief in the form of a judicial interpretation of Section 43-3-(3) of the Little Rock Code of Ordinances which provides:

> In the "A" one-family district . . . no building or land shall be used . . . unless otherwise provided for in this chapter, except for one or more of the following uses:
>
> . . .
>
> (3) Public schools, elementary and high, and other educational institutions with curriculum equivalent to a public elementary school or public high school.

The case was heard on November 7, 1979, and after reviewing the law and the evidence adduced, the trial court entered its decree on November 9, 1979, and found that the Infant-Toddler Montessori School, Inc., was a school with a curriculum equivalent to a public elementary school and was entitled as a matter of right to operate on property zoned as

"A" single-family. Appellant raises four points on appeal, but as we agree with appellant's contention that the trial court erred in finding that under the Little Rock zoning ordinance the school is allowed to operate as a matter of right on property zoned "A" single-family, we will not reach the others.

We need not discuss the merits of the Montessori method of instruction for, as well-regarded as it may be, that is not at issue here. Nor need we address the wisdom or constitutionality of the ordinance involved, for although in their complaint appellees attacked the ordinance in question as being arbitrary and capricious, they later stated unequivocally, in their brief in support of their response to appellant's demurrer, that "there is no allegation that the ordinance is unconstitutional." The chancellor's finding that the zoning laws appear not to have been uniformly enforced in past years is also not pertinent to this appeal, nor can this suit abate those inequities.

It is undisputed that the school was established to serve as an educational institution or facility for children ranging in age from one to three years. Although other zoning classifications under the ordinance allow educational institutions without regard to the curriculum, the classification of "A" one-family district does not. The determinative issue, therefore, is whether the curriculum of the school is equivalent to that of a "public elementary school" as required by the ordinance.

Each side put on witnesses who testified as to how "public elementary school" should be defined, both under the ordinance and in common understanding and usage. The evidence seems to indicate that the only public educational institution in Little Rock with a curriculum akin to that of the appellee school is the early childhood education program of Rockefeller Elementary School. The chancellor specifically found:

> The curriculum of the Infant-Toddler Montessori School, Inc. is equivalent to the curriculum of what was once called the Kramer Project, and which is now part

of Rockefeller School, which is a school of the Little Rock Public School System, and the curriculum of the Infant-Toddler Montessori School, Inc. is equivalent to the curriculum promulgated for kindergartens by the Little Rock Public School System, which kindergartens are elementary schools.

However, the early childhood program was, and is, separate and apart from the kindergarten and grades one through six. In fact, a portion of the testimony of Dr. Betty Caldwell, an expert witness for appellee, indicates that there is a distinction between early childhood education and elementary education:

Q. Could you tell the Court very briefly what the Kramer project is and was?

A. Was, because it's been moved out of the Kramer School now. Well, it was a project that was designed to bring early education from infancy onward into a public school situation in order to improve the articulation or the continuity between early education and what is traditionally called elementary education. And this was worked out in Kramer School so that where *we had early childhood program that went from approximately six months of age through age five and* then *an elementary program that went from grades one up through either the fifth or sixth grade.* (Emphasis added.)

It is clear that those involved with the Kramer Project recognized a distinction between early childhood education and what is generally referred to as elementary education. Both appellees and the trial court heavily relied upon the fact that the Kramer program was a curriculum equivalent to the appellee school and was implemented at a public elementary school; but, as has been pointed out, the Kramer early childhood education program was, and is, separate from the elementary program at the school.

Webster's defines "elementary school," as follows:

n. A school in which elementary subjects (as reading,

writing, spelling, and arithmetic) are taught to children from about six to about twelve years of age which in the U.S. covers the first six or eight grades. . . .

Webster's Third New International Dictionary (1961) p. 735. While this definition is not by itself dispositive of the question now before us, it does recite what is probably the most widely accepted definition of the term; and we think the City of Little Rock intended by the adoption of the ordinance that "public elementary school" should have its most commonly accepted meaning. The ages and accompanying capabilities of children as young as one year old are also evidence that the curriculum does not rise to the level of public elementary education. The record indicates that these students receive only the slightest and most basic training in reading and writing, surely the cornerstone of any elementary education program.

Pursuant to Rule 52 of the Arkansas Rules of Civil Procedure, the findings of the trial court should not be disturbed unless they are clearly erroneous. After reviewing all the evidence *de novo* as we do on appeal from a chancery court decision, we hold that the trial court clearly erred in finding that the curriculum of appellee school was equivalent to that of a public elementary school and, therefore, could operate as a matter of right on property zoned as "A" single-family. The chancellor awarded costs to appellees, which appellant contends was error. Appellant cites *State* v. *Nelson, Berry Pet. Co.*, 246 Ark. 210, 438 S.W. 2d 33 (1969), which holds that the state is immune from costs when it acts in a governmental capacity in an action not brought by it, and appellant urges that we extend that immunity to a municipality as an agent of the state. This we are unwilling to do. Accordingly, the judgment of the trial court is reversed and this cause remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

PURTLE, J., not participating.

MAYS, J., dissents.

RICHARD L. MAYS, Justice, dissenting. The majority holds as a matter of law that the Infant-Toddler Montessori School is not an educational institution with a curriculum equivalent to a public elementary school. Basically, the majority asserts that a curriculum which addresses the educational needs of children from 1 to 3 years of age, as does the Montessori School, cannot be equivalent to a public elementary school which primarily addresses the educational needs of children from 5 to 12. I disagree. The evidentiary record below indicates to the contrary. The Infant-Toddler Montessori School has a curriculum which includes instruction in language development, math, science, geography, botany, zoology, reading, and motor development. The components of the school include a qualified staff, teaching materials, and learning aids. The educational structure and method used are comparable to those of the beginning grades of the public elementary schools.

Under these circumstances, I cannot say that the chancellor's decision was clearly erroneous. I would affirm the judgment below.