Benjamin C. McMINN et ux *v.* CITY OF LITTLE ROCK

82-20                                    631 S.W. 2d 288

Supreme Court of Arkansas
Opinion delivered April 12, 1982

*Wright, Lindsey & Jennings,* for appellants.

*R. Jack Magruder, III,* City Atty., by: *Carolyn B. Witherspoon,* Asst. City Atty., for appellee.

FRANK HOLT, Justice. Appellants sought rezoning of their property from A single family to D apartment classification. The appellee's planning staff and Commission recommended denial because it did not represent the best possible principles of land use planning. The City Board of Directors also denied appellant's application for rezoning. The chancellor affirmed. For reversal the appellants con-

tend that the appellee unreasonably and arbitrarily refused to rezone their property. They argue that the denial is based upon preventing other property in the area from being rezoned; that the city had agreed that the property should be used for apartments and the preponderance of the evidence establishes that the city's action was unreasonable and arbitrary. We affirm the chancellor.

The property in question is a 5-room, 1-bath residence at 5419 Kavanaugh Boulevard. It is situated on land with a 90' frontage on Kavanaugh and 150' deep. It appears that this house was built about twenty years ago. Appellants purchased the property in December, 1978, and one month later sought rezoning. Since the purchase for $55,000, appellants have spent $5,000 to $20,000 in improvements. Appellants are using the property as a Montessori school or a kindergarten for infants between the ages of one to three. See *City of LR* v. *Infant-Toddler Montessori Sch.*, 270 Ark. 697, 606 S.W. 2d 743 (1980). Reclassification to D apartment would remove any legal question about operating the school which is the only purpose for which the appellants plan to use the property. They acknowledge there was considerable opposition in the neighborhood to the rezoning. The requested rezoning was the result of a suggestion by the city planning director that the property should be used for a nice condominium development.

Directly north and across the street from appellants' property is a United States Post Office, zoned E-1. To the west and immediately adjacent to appellants' property is a two story apartment house, a non-conforming use, with seven or eight apartments. To the south and west is an adjacent duplex. Contiguous to the property on the east is another duplex. Generally speaking, the property north, east and south is predominantly residential. For several blocks to the west is intensive commercial use by various retail businesses. It appears there has been no rezoning in this neighborhood for about twenty years.

Appellants presented as witnesses a local planning consultant and a real estate broker and developer, who had made a study of the area. They considered such factors as the

commercial and residential use of the property in proximity to the area, the flow of traffic and the length of the existence of the surrounding neighborhood. They were of the view that the proper use of the property should be E-1 quiet business or D apartment zoning, a less intensive use. These uses would be compatible with the neighborhood. These witnesses acknowledged that others could come to a different conclusion or recommendation other than that made by them. The owner of two duplexes in the vicinity did not object to the rezoning and did not feel that the reclassification would adversely affect his property. He would not seek rezoning of his property should appellants' request be approved.

The appellee's witnesses were the director of the city's Planning Commission, two former members of that Commission, and a witness whose formal education and experience was that of an architect and city planner. The director acknowledged that he had told the appellant a condominium development would be a reasonable use; however, it was a question of degree of the use. These witnesses testified that they had made a study of the area and had been familiar with it for many years. Some of the factors they took into consideration were traffic, the commercial and residential usage in the neighborhood, character and type of neighborhood and the feelings of the residents. According to their testimony, a reclassification to D apartment would result in a higher intensity of use. Although it was appellants' desire to use it only for the school, once it is rezoned to D apartment the potential exists that it could be used, *inter alia*, for such as a boarding and lodging house, fraternity house, club or facilities of a philanthropic nature and various retail shops which would be incompatible with the long established neighborhood. The high density use for D apartment would constitute a precedent for further rezoning in the Kavanaugh area. Reclassification could cause a major adverse impact on the neighborhood and could permit a three story apartment building, 80' x 100', of ten units with fifteen parking spaces. A compatible use would be a 4-unit apartment building which is a lower density use. The city is very cautious about approving a D apartment classification. In summary, the expert witnesses

were of the view that, although a two family duplex or a 4 unit apartment would be compatible with the neighborhood, D apartment would be incompatible since it is a most intense type of development. They characterized the area as being a strong residential one where values are up instead of down and the property is well maintained. The area was described as one of the prime residential neighborhoods in the city which has been established for some 50 years and successfully sustained. Residents in the immediate neighborhood expressed opposition to the rezoning.

We review the chancellor's finding to determine whether it is clearly against the preponderance of the evidence that the action of the city board was not arbitrary, capricious and unreasonable. In other words, whether there was any reasonable basis for the board's decision. *City of Little Rock* v. *Breeding*, 273 Ark. 437, 619 S.W. 2d 664 (1981); and *Lindsey* v. *City of Fayetteville*, 256 Ark. 352, 507 S.W. 2d 101 (1974). We have held that "arbitrary" means decisive but unreasoned action and that "capricious" means not guided by a steady judgment or purpose. *City of North Little Rock* v. *Habrle*, 239 Ark. 1007, 395 S.W. 2d 751 (1965); and *McMinn Co.* v. *City of Little Rock*, 257 Ark. 442, 516 S.W. 2d 584 (1974). Residential property which adjoins business property is only one factor to be considered; it does not automatically entitle one's property to rezoning; and the decisions of the city officials in zoning matters are legislative in nature since our state legislature has delegated the power of comprehensive planning in classifying the various areas of the city into proper zones or classifications. *City of Little Rock* v. *Breeding, supra;* Ark. Stat. Ann. §§ 19-2804 *et seq.* and 19-2825 (Repl. 1980). The feelings of the residents in the neighborhood with reference to the approval or disapproval of the request for rezoning is a legitimate factor to be considered. *Downs* v. *City of Little Rock*, 240 Ark. 623, 401 S.W. 2d 210 (1966). In *Taylor* v. *City of LR*, 266 Ark. 384, 583 S.W. 2d 72 (1979), we quoted with approval:

> Obviously from the alignment of the eminent expert witnesses in their opposite views, we are dealing in an area in which honest, dedicated and sincere people differ. The Court does not conclude that either side of

this argument can be said to reach their respective conclusions arbitrarily, capriciously or unreasonably, and in such position, and this Court being limited to a determination of this narrow issue, the Court concludes that the Complaint of the Plaintiff must be dismissed without relief.

Here, the witnesses for both sides acknowledged that their opinions were a matter of judgment and that an opposite view could be said to be reasonable. We cannot say the chancellor's finding that the city Board of Directors did not act arbitrarily, capriciously and unreasonably or without any reasonable basis is clearly against the preponderance of the evidence.

Appellants next assert that the unreasonable limitation placed upon the use of appellants' property by the city's refusal to rezone, as requested, deprived them of the use of their property and constitutes a taking for public use without compensation in violation of the Fifth and Fourteenth Amendments to the U.S. Constitution and Art. 2, § 8, Ark. Constitution (1874). We cannot agree. Appellants purchased the property knowing it was zoned A single family. Further, rezoning is not justified by the mere fact the property owner seeking the rezoning would benefit economically if the rezoning was allowed, or that the land would be put to its most remunerative use. *City of Little Rock* v. *Breeding, supra;* and *Lindsey* v. *City of Fayetteville, supra.* See Wright, *Zoning Law in Arkansas: A Comparative Analysis,* 3 U.A.L.R. Law Journal, 421 (1980). Appellants have failed to establish an unreasonable limitation has been placed upon their land.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. In my opinion, this is a very arbitrary, capricious and unreasonable decision rendered by the Board of Directors. I am disappointed that the majority does not recognize that the appellants are quite obviously being given unequal treatment of the law by the

city of Little Rock, Arkansas. Originally, the appellants acquired this property which was clasified "A-1" family. The ordinance in effect allowed "A-1" family district and "B residence" district to be used among other things for "public schools, elementary and high, and other educational institutions with curriculum equivalent to a public elementary school or public high school." It is obvious to me that the Montessori School operated by the appellants at the above property classified as the equivalent to a public elementary school. See *City of LR* v. *Infant-Toddler Montessori Sch.*, 270 Ark. 697, 606 S.W. 2d 743 (1980). Additionally, the property sits directly across Kavanaugh from the post office and has a garage on the east side and an apartment house behind. The area to the west includes such businesses as the Kroger Grocery Store and other similar businesses. Nevertheless, this court upheld the court below in ruling that this Montessori School was not equivalent to public elementary schools.

When the appellants received notice of rejection of their application to rezone the property, even though several other schools were then and are still presently operating in "A-1" family districts, they applied for classification as "E-1." This was denied by the Board of Directors. They then filed an application for variance to allow their school to continue, like many others are continuing. The variance was denied.

The staff for the city recognized that this particular property was no longer suitable for single family dwellings. In fact, the staff of the Planning Commission stated: " . . . Single family dwellings are no longer appropriate with an orientation towards Kavanaugh; particularly one which faces the U.S. Post Office across the street." This is the arm of the city government that furnishes information to the city directors in order that their decisions might be based upon sound footing.

Appellants' property is actually an enclave into the surrounding business area. To the immediate west and contiguous to this land is a multi-unit apartment house built on a 50 foot lot; to the south is a duplex which is

contiguous to the property in question. Across Kavanaugh Street and directly in front of the subject property is a branch office of the United States Postal Service. On the east side of the property there is a garage and a single family dwelling. This single family dwelling on the northeast corner is the only single family property contiguous to appellants' property here in question and it is separated by an alley.

The staff recommended to the Board of Directors that this property is no longer suitable as single family dwelling property. The appellants have first requested to be allowed to operate their school in the area which, in my opinion, was already authorized, but their request was denied. They then petitioned to rezone the property to a quiet business type property. They were refused. They made application for a waiver, and it was refused. Finally, in desperation they brought this second suit in order to try to get the property classified in a manner which would make it productive to them. They did not even seek to have it classified into the classification which most of the property along Kavanaugh has been assigned.

Every time the appellants appear before a commission, board or court they are told they should try some other classification. When such classification is sought, it is denied. Appellants' property is almost completely surrounded by property which is classified other than "A-1" residential. It is clear enough to me that the appellants in this case have not been given equal protection of the law as guaranteed by the state and federal constitutions. Therefore, I would reverse the case and send it back with directions to reclassify it.