# CITY OF RUSSELLVILLE *v.* BANNER REAL ESTATE

96-142                                                933 S.W.2d 803

Supreme Court of Arkansas
Opinion delivered November 25, 1996

*Donald Bourne* and *Dunham & Ramey, P.A.,* by: *James Dunham,* for appellant.

*John Harris,* for appellee.

DAVID NEWBERN, Justice. This is a zoning case. The issue is whether a city council may, upon oral motion, adopt a rezoning ordinance which differs from one proposed by the city's planning commission. We reverse the Chancellor's decision awarding a partial summary judgment, the effect of which was to preclude the city council from doing so.

The City of Russellville petitioned the Russellville Planning Commission to rezone certain property facing Twelfth Street in Russellville from category C-4, quiet commercial, to category R-1, single-family dwellings. The tract under consideration included property owned by the appellee, Banner Real Estate, a partnership. The petition proceeded before the Russellville Planning Commission where public hearings were held. The Commission's recommendation was that the tract be rezoned, with portions of it to become R-1 and other portions R-2. The R-2 category permits construction of apartments. The Banner property is located in the part of the tract recommended by the Commission for R-2 rezoning.

The resulting Ordinance 1474, as adopted by the Council, differs from the Commission proposal. While the Council did as the Commission had recommended by rezoning the land which had previously been zoned C-4 to R-1 and R-2, the line between the two resulting R-category portions of the property was drawn differently by the Council so as to make part of Banner's property R-2 and part of it R-1, rather than all of the Banner property being rezoned R-2 as recommended by the Commission. The change came about as the result of an oral motion by a councilman after the third reading of ordinance which, as proposed, accorded with the

Commission's recommendation.

Banner brought suit in Pope Chancery Court to have Ordinance 1474 declared void. It contended the Ordinance was invalid because the precise manner of drawing the R-1—R-2 line, as a result of the orally proposed modification, had not been shown on any map or in writing prior to its adoption. It was contended that Banner's right to due process of law was violated as members of the public had not been allowed to address the ordinance as it appeared in the form ultimately adopted.

Banner moved for a partial summary judgment. The motion was granted. There apparently were other claims in this litigation which were not adjudicated. The Chancellor entered a proper order certifying the partial summary judgment for appeal in accordance with Ark. R. Civ. P. 54(b).

In *Taggart & Taggart Seed Co.* v. *City of Augusta,* 278 Ark. 570, 647 S.W.2d 458 (1983), we held invalid an attempt by a city council to enact a rezoning ordinance. A city council had rezoned property without the request having been considered by the city's planning commission. We noted that the state law would have permitted the city council to do as it did, but that, because there had been no compliance with the procedure specified by the city's zoning ordinance requiring submission of the proposed rezoning to the planning commission, the ordinance was invalid. At the outset of our opinion, we pointed out that a city has no authority to legislate other than that granted by the state. It is thus clear that zoning authority must be exercised in accordance with both state and local law.

The state law in this instance is contained in Ark. Code Ann., Title 14, Chapter 56. The procedures for adopting a comprehensive zoning plan in a municipality are found in Ark. Code Ann. § 14-56-422 (1987). Changes to the plan may be made in accordance with Ark. Code Ann. § 14-56-423 (1987) which provides:

> After adoption of plans, ordinances, and regulations and proper filing in the offices of city clerk and county recorder, no alteration, amendment, extension, abridgement, or discontinuance of the plans, ordinances, or regulations may be made except in conformance with the procedure prescribed in 14-56-422, or by a majority vote of the city council.

The Chancellor held that the procedure followed by the Council was illegal because § 14-56-422 was not followed. As we read the statutes, § 14-56-423 is controlling, and it permits a change in the zoning plan, or rezoning, by "majority vote of the city council" without following the procedure requiring further planning commission review as prescribed in § 14-56-422 and as found necessary by the Chancellor.

Ordinance 1459 of the City of Russellville provides the procedure to be followed when the City, as in this case, is the petitioner seeking rezoning of a citizen's property. It requires the City to prepare a petition and a plat map "showing the location of the affected property." It provides further for sending notice to the owner, posting a "rezoning sign, and holding public hearings before the Commission. Finally, it states in subsection 5, "After a public hearing is held, and the petition is reviewed by the Planning Commission, the Council may amend the zoning district boundary by passage of an ordinance by majority vote."

While the ordinance thus requires a map "showing the location of the affected property," there is no requirement that there be precise geographic zoning categories shown on the map. Although it is obvious that a petition must be submitted in writing, we see no requirement that the ultimate rezoning ordinance adopted by the Council be made available prior to its adoption so long as the property in question and the proposed rezoning have been the subjects of notice to the property owners and the required public hearings.

Summary judgment may be granted when there are no remaining genuine issues of fact and the moving party is entitled to judgment as a matter of law. Ark. R. Civ. P. 56(c). The Chancellor must have assumed there were no material facts at issue, and we have no quarrel with that assumption. Rather, we cannot say that Banner was entitled to judgment as a matter of law in view of our conclusion that the Chancellor misapplied § 14-56-422 rather than applying § 14-56-423 to the situation before him.

Finally, we note Banner's general due-process-of-law argument, which formed a part of its pleading before the Chancellor but was not mentioned in the Chancellor's ruling. While we may affirm on any proper legal basis, we are reluctant to consider doing so on the basis of the due process argument. Banner has given us

only a quotation of general language that, "It is fundamental that a person cannot be deprived of life, liberty or property without due process of law," citing the Fifth and Fourteenth Amendments and Ark. Const. art.2, § 21, along with *Godwin* v. *Godwin,* 268 Ark. 364, 596 S.W.2d 695 (1980), and *Franklin* v. *State,* 267 Ark. 311, 590 S.W.2d 28 (1979). Neither of the cited cases is particularly relevant. Without something other than the general authority cited and without the issue having been made the subject of the hearing before the Chancellor and of a ruling by him, we choose not to conduct further research on the subject to see if we might affirm on the basis that Banner was denied due process of law. Our decision has only to do with the point more fully argued, and decided by the Chancellor, with respect to the City Council's statutory authority.

Reversed and remanded.