## CITY of MAUMELLE, Arkansas *v.* MAUMELLE LODGE of the FRATERNAL ORDER of POLICE, Jeffery D. Sackoff, and Jimmy P. Hansard

98-553                                            983 S.W.2d 123

Supreme Court of Arkansas
Opinion delivered December 3, 1998

[Petition for rehearing denied January 14, 1999.*]

*Thurman, Lawrence & Heuer, PLC,* by: *Richard L. Lawrence,* for appellant.

*Montgomery, Adams & Wyatt, PLC,* by: *Orin Eddy Montgomery,* for appellees.

ROBERT L. BROWN, Justice. The appellant, City of Maumelle, Arkansas, appeals from an order dismissing its complaint to remove a proposed city ordinance from the election ballot in Maumelle. The City claims on appeal that the proposed ordinance is unconstitutional and that the ballot title was misleading. We affirm the dismissal order due to a flagrantly deficient abstract.

In 1996, appellee Maumelle Lodge of the Fraternal Order of Police drafted and circulated an initiative petition containing a proposed city ordinance that would, among other things, require

---

* SMITH, J., not participating.

the City to raise and maintain the pay of the employees of the Maumelle Department of Public Safety to achieve parity of pay with the North Little Rock Police Department. The Board of Directors of the City refused to adopt the proposed ordinance and filed a complaint prior to the general election on November 5, 1996, for injunctive and declaratory relief. The complaint requested that the proposed ordinance be removed from the ballot or, alternatively, that the election board be prohibited from counting any votes cast in favor of the initiative. The City's complaint alleged that the ordinance was unconstitutional and that the ballot title was insufficient. The trial court stayed the matter until November 6, 1996, the day after the election. At the ensuing trial of the matter on October 7, 1997, the trial court concluded that the ballot title for the ordinance fairly conveyed the scope and import of the issue before the voters and that the proposed ordinance was valid under the Arkansas Constitution. The court then dismissed the City's complaint.

The City takes strong issue with the trial court's findings and conclusions but fails to include in its abstract of the record "material parts of the pleadings . . . documents, and other matters in the record as are necessary to an understanding of all questions presented to the Court for decision." *See* Ark. Sup. Ct. R. 4-2(a)(6). For example, though one of the issues raised to this court on appeal is whether the ballot title fairly reflects the proposed ordinance, the City has abstracted neither for this court's review. The appellees did quote what purports to be the ballot title in the body of their argument, but we still have no ordinance abstracted with which to compare it. Furthermore, the City has not abstracted the initiative petition which contained the proposed ordinance and the ballot title; nor did it abstract the answers of the various appellees to its complaint.

■ ■ Without the precise ordinance before us, it is impossible to determine its constitutionality or whether the ballot title accurately describes it. The fact that these documents may be contained in the one record filed with the Supreme Court Clerk does not salvage this appeal. We have been resolute and consistent in holding that all material information must be included in the abstract and that we will not be placed in the position of having

seven justices scour the one record for the absent information. *See Cosgrove v. City of West Memphis*, 327 Ark. 324, 938 S.W.2d 827 (1997); *Kearney v. Committee on Prof. Conduct*, 320 Ark. 581, 897 S.W.2d 573 (1995); *Stroud Corp., Inc. v. Hagler*, 317 Ark. 139, 875 S.W.2d 851 (1994).

We affirm the trial court's order of dismissal pursuant to Ark. Sup. Ct. R. 4-2(b)(2).

Affirmed.