CAMDEN COMMUNITY DEVELOPMENT
CORPORATION *v.* Mary Jo SUTTON, Velma McBeth
Slaughter, and Josh Colvert, as Ouachita Board of Election
Commission; and Mildred McKinney, Mary Bennett, and
Deborah Porchia, as Individuals on Behalf of the Fairview
Community Defense Committee

99-258                                              5 S.W.3d 439

Supreme Court of Arkansas
Opinion delivered December 2, 1999

*Harrell & Lindsey, P.A.*, by: *Paul E. Lindsey*, for appellant.

*Bowden, Kendel & Jones, PLLC*, by: *David O. Bowden*; and *Ivory Law Firm*, by: *George S. Ivory, Jr.*, for appellees.

R AY THORNTON, Justice. In 1998, appellant, Camden Community Development Corporation, sought permission to rezone its property from a zoning category of RS-2 (residential) to a zoning category of M-2 (manufacturing). The City of Camden Planning Commission (the Commission) recommended appellant's proposal to the Board of Alderman of the City of Camden (the City Board). On September 8, 1998, the proposal failed to be adopted by the City Board.

After the City Board's failure to approve the proposed rezoning, appellant circulated an initiated petition seeking to put the issue on the November ballot. Appellant's petition for rezoning of its property was certified to be placed on the ballot for the November general election.

On October 12, 1998, appellees, Mildred McKinney, Mary Bennett, and Deborah Porchia, on behalf of the Fairview Community Defense Committee, filed suit in the Ouachita County Circuit Court against appellees, Mary Jo Sutton, Velma McBeth Slaughter, and Josh Colvert, as members of the Ouachita Board of Election Commission, seeking to remove the initiative from the ballot. On October 14, 1998, appellant filed a motion to intervene in the matter.

On October 27, 1998, a hearing on the matter was held. The trial court defined the issue in the case as "whether zoning and/or rezoning of property can be accomplished through an initiated act when there is in place a comprehensive planning and zoning code." On November 30, 1998, the trial court found that "issues concerning whether to rezone are administrative decisions, not legislative, and thus are not subject to the initiative process." The findings of the trial court were returned too close to the election to remove the measure from the ballot, and the voters rejected the measure. Because the issues raised are likely to recur, we accept the case and affirm the trial court.

■ Appellant contends that the trial court erred when it did not allow rezoning by initiative pursuant to the initiative and referendum powers granted to the people by Amendment 7 to the Constitution of Arkansas and raises three point on appeal.[1]

We first consider the statutory provisions granting municipalities authority to adopt zoning plans, ordinances, and regulations. Specifically, Ark. Code Ann. § 14-56-422 (Repl. 1998) provides:

> [A]ll plans, recommended ordinances, and regulations shall be adopted through the following procedure:
>
> > (1) (A) The planning commission shall hold a public hearing on the plans, ordinances, and regulations proposed under this subchapter.

---

[1] Amendment 7 in relevant part states:

The legislative power of the people of this State shall be vested in a General Assembly, which shall consist of the Senate and House of Representatives, but the people reserve to themselves the power to propose legislative measures, laws and amendments to the Constitution, and to enact or reject the same at the polls independent of the General Assembly; and also reserve the power, at their own option, to approve or reject at the polls any entire act or any item of an appropriation bill.

*Municipalities and Counties* — The initiative and referendum powers of the people are hereby further reserved to the local voters of each municipality and county as to all local, special and municipal legislation of every character in and for their respective municipalities and counties, but no local legislation shall be enacted contrary to the Constitution or any general law of the State, and any general law shall have the effect of repealing any local legislation which is in conflict therewith.

Municipalities may provide for the exercise of the initiative and referendum as to their legal legislation.

Ark. Const. amend. 7.

(B) Notice of public hearing shall be published in a newspaper of general circulation in the city, at least one (1) time fifteen (15) days prior to the hearing.

(2) Following the public hearing, proposed plans may be adopted and proposed ordinances and regulations may be recommended as presented, or in modified form, by a majority vote of the entire commission.

(3) Following its adoption of plans and recommendation of ordinances and regulations, the commission shall certify adopted plans or recommended ordinances and regulations to the legislative body of the city for its adoption.

(4) The legislative body of the city may return the plans and recommended ordinances and regulations to the commission for further study or recertification or, by a majority vote of the entire membership, may, by ordinance or resolution, adopt the plans and recommended ordinances or regulations submitted by the commission. However, nothing in this subchapter shall be construed to limit the city council's authority to recall the ordinances and resolutions by a vote of a majority of the council.

(5) Following adoption by the legislative body, the adopted plans, ordinances, and regulations shall be filed in the office of the city clerk. The city clerk shall file, with the county recorder of the counties in which territorial jurisdiction is being exercised such plans, ordinances, and regulations as pertain to the territory beyond the corporate limits.

*Id.* Additionally, Ark. Code Ann. § 14-56-423 (Repl. 1998) states:

After adoption of plans, ordinances, and regulations and proper filing in the offices of city clerk and county recorder, no alteration, amendmen t, extension, abridgement, or discontinuance of the plans, ordinances, or regulations may be made except in conformance with the procedure prescribed in 14-56-422, or by a majority vote of the city council.

*Id.* The provisions of Amendment 7 to the Arkansas Constitution reflect the principle that no local legislation may be enacted which contravene general laws.

We must next determine whether the actions taken by the Commission and the City Board were legislative or administrative. This determination is important because an initiated action

may be used only to address legislative actions. *See Chastain v. City of Little Rock*, 208 Ark. 142, 185 S.W.2d 95 (1945). In*Scroggins v. Kerr*, 217 Ark. 137, 228 S.W.2d 995 (1950), we outlined a test for determining the difference between legislative action and administrative action. We stated:

> Both legislative and executive powers are possessed by municipal corporations. . . . The crucial test for determining what is legislative and what is administrative is whether the ordinance is one making a new law, or one executing a law already in existence. . . . Executive powers are often vested in the council or legislative body and exercised by motion, resolution or ordinance. Executive action evidenced by ordinance or resolution is not subject to the power of the referendum, which is restricted to legislative action as distinguished from mere administrative action. The form or name does not change the essential nature of the real step taken. The referendum . . . is designed to be directed against "supposed evils of legislation alone". "To allow it to be invoked to annul or delay executive conduct would destroy the efficiency necessary to the successful administration of the business affairs of a city." 1 McQuillin, Municipal Corporations (2d Ed., Rev., 1940) 1000.

*Scroggins, supra.*; *see also City of North Little Rock v. Gorman*, 264 Ark. 150, 568 S.W.2d 481 (1978); *Cochran v. Black*, 240 Ark. 393, 400 S.W.2d 280 (1966). In *Scroggins*, we also noted that legislative bodies may delegate the power to make administrative rules, but under most circumstances may not delegate the right to enact legislation, nor can the city directors delegate or bargain away their legislative authority. *Id.*; *see also Czech v. Baer*, 283 Ark. 457, 677 S.W.2d 833 (1984).

■ Applying these principles to our current case, we hold that the trial court's findings were not erroneous. Specifically, we have determined that the facts of this case do not reflect the occurrence of any legislative action by the City Board. First, we note that the Commission, which receives its power from the City Board and functions solely as an administrative body without the power to pass legislation, was acting within its administrative authority when it recommended the rezoning proposal to the City Board. Next, we note that the City Board's decision to not accept the Commission's administrative proposal was only a rejection of proposed administrative action and did not constitute any legislative action or administrative action by the City Board. Accordingly, because legislative

action was not taken by either the Commission or the City Board, then the rezoning issue is not subject to an initiated action by the people pursuant to Arkansas Constitutional Amendment 7.

We addressed a case similar to the one now on review in *Wenderoth v. City of Fort Smith*, 251 Ark. 342, 472 S.W.2d 74 (1971). In *Wenderoth*, a group of individuals appealed a rezoning enactment to the circuit court, arguing that the rezoning was contrary to the characteristics of the neighborhood and that such rezoning would be detrimental to their property. *Id.* The circuit court dismissed their appeal finding that the Arkansas statute allowing for a *de novo* review by the judiciary was unconstitutional pursuant to the language of Amendment 4 to the Arkansas Constitution. We agreed with the circuit court and affirmed. However, after deciding the issue involved in the case we went on to cite a case from Alabama and noted that:

> the amendment to a comprehensive zoning ordinance or a rezoning of a certain area, as was done in the instant case, becomes a part of the existing comprehensive ordinance and, *a fortiori*, is a legislative act.

*Wenderoth, supra., (citing Ball v. Jones,* 272 Ala. 305, 132 So.2d 120 (Ala. 1961)). We note that in *Wenderoth*, the city had *adopted* a proposed change in the comprehensive ordinance and that we addressed the constitutionality of a statute allowing a *de novo* review by the courts. We did not analyze the action of the city on the issue of whether it was administrative or legislative in nature. An analysis of whether an action is legislative or administrative is essential to a determination whether the powers of initiative and referendum can be exercised. If the action of the local instrumentality is administrative in nature, no right of initiative is available. If the action is legislative action, Amendment 7, subject to restrictions imposed by the constitution, general laws, and the amendment itself, would allow an initiative. Specifically, Amendment 7 declares that "no local legislation shall be enacted contrary to the Constitution or any general law of the State, and any general law shall have the effect of repealing any local legislation which is in conflict therewith." Ark. Const. amend. 7. *See also Czech, supra.* In the present case, the City of Camden has followed the procedure outlined in Ark. Code Ann. § 14-56-422 and has set up a comprehensive city planning scheme. Pursuant to the language of Ark. Code Ann. § 14-56-423, if that

scheme is to be amended the city is required to adhere to certain statutory requirements.

The powers of initiative and referendum reserved to the people by Amendment 7 do not extend to administrative actions. *See Scroggins, supra.* Spot zoning as approved by the Commission in this case is administrative in nature, and therefore may not be addressed by an initiated act. However, the restrictions imposed by Amendment 7 do not apply to the power of the city board to engage in the administrative action of spot zoning.

If the observations in *obiter dicta* in *Wenderoth* are inconsistent with this holding we clarify, modify, or overrule such statements to the extent that they may be in conflict with our holding in this opinion.

Before addressing the final point on appeal, we note that appellant argues that our holding in *City of Russellville v. Banner Real Estate*, 326 Ark. 673, 933 S.W.2d 803 (1996), is contrary to the trial court's resolution of this case. The matter reviewed in *Banner* is inapposite to the matter under review in the present case. Specifically, we noted in *Banner* that "the issue is whether a city council may, upon oral motion, adopt a rezoning ordinance which differs from one proposed by the city's planning commission." *Id.* We held that:

> Although it is obvious that a petition must be submitted in writing, we see no requirement that the ultimate rezoning ordinance adopted by the Council be made available prior to its adoption so long as the property in question and the proposed rezoning have been the subjects of notice to the property owners and the required public hearings.

*Id.* This holding allows a city council to act administratively without first having the planning commission review the proposal. This holding does not address the question of whether administrative decisions of a local nature may be resolved by an initiated petition pursuant to Amendment 7. Appellant's reading of the *Banner* case and arguments derived therefrom are misplaced. The trial court did not commit error in finding that the holding in the *Banner* case is a "far cry" from holding that the "case authorized rezoning by initiated act pursuant to Amendment 7 of the Arkansas Constitution."

In the last point on appeal, appellant contends that the trial court erred by not finding Camden's comprehensive zoning plan unconstitutional. We are unable to address the merits of this point because appellants failed to obtain a final ruling on this matter. We have held that the burden of obtaining a ruling is on the movant; objections and matters left unresolved are waived and may not be relied upon on appeal. *McElroy v. Grisham*, 306 Ark. 4, 810 S.W.2d 933 (1991); *see also Parmley v. Moose*, 317 Ark. 52, 876 S.W.2d 243 (1994). Moreover, we are unable to review this issue because the comprehensive Camden zoning plan which is being challenged is not abstracted for our review. We have held that:

> Without the precise ordinance before us, it is impossible to determine its constitutionality.. . .We have been resolute and consistent in holding that all material information must be included in the abstract and that we will not be placed in the position of having seven justices scour the one record for the absent information.

*City of Maumelle v. Maumelle Lodge*, 335 Ark. 283, 983 S.W.2d 123 (1998). Because appellant failed to obtain a ruling on the matter and because it failed to abstract the pertinent ordinances, we are unable to reach the merits of the last point on appeal.

We have concluded that the trial court did not commit reversible error, and affirm.

Affirmed.

IMBER and CORBIN, JJ., dissent.

ANNABELLE CLINTON IMBER, Justice, dissenting. We are asked in this case to decide whether rezoning is a legislative function that may be the subject of an initiative petition under Amendment 7 to the Arkansas Constitution. Our decision on that question does not depend upon a city council's action or inaction on a particular zoning ordinance. Rather, our decision is governed by whether the city council has the legislative authority to enact rezoning ordinances. If that legislative authority has been delegated to a city council by the General Assembly, then rezoning may be the subject of an initiative petition under Amendment 7.

The General Assembly has given to municipal corporations the power to enact zoning ordinances. Ark. Code Ann. §§ 14-56-402— 14-56-425 (Repl. 1998); *City of Lowell v. M & N Mobile*

*Home Park,* 323 Ark. 332, 916 S.W.2d 95 (1996). Specifically, the procedures for adopting a comprehensive zoning plan are found in Ark. Code Ann. § 14-56-422. Subsequent changes to the zoning plan must be made in accordance with Ark. Code Ann. § 14-56-423, which provides:

> After adoption of plans, ordinances, and regulations and after filing in the offices of city clerk and county recorder, no alteration, amendment, extension, abridgement, or discontinuance of the plans, ordinances, or regulations may be made except in conformance with the procedure prescribed in 14-56-422, *or by a majority vote of the city council.*

(Emphasis added.)

We have held that section 14-56-423 permits a change in the zoning plan, or rezoning, by "majority vote of the city council" without following the procedures requiring further planning commission review as prescribed in section 14-56-422. *Russellville v. Banner Real Estate,* 326 Ark. 673, 933 S.W.2d 803 (1996); *see also Taggart & Taggart Seed Co. v. City of Augusta,* 278 Ark. 570, 647 S.W.2d 458 (1983) ("The 1957 Act, before a later amendment, required a complete review by a planning commission before the legislative body of the city took action to alter boundaries. There were no exceptions. However, the enabling legislation was amended in 1959 to authorize an alternative procedure to amend boundaries simply "by a vote of the city council."). Thus, it is clear that a city council has unrestricted legislative authority to rezone property.

Amendment 7 to the Arkansas Constitution reserves the people's initiative and referendum powers to the local voters of each municipality and county "as to all local, special and municipal legislation of every character in and for their respective municipalities and counties, but no local legislation shall be enacted contrary to the Constitution or any general law of the State." In considering the mandates of Amendment 7, we have drawn a distinction between actions of a legislative nature, to which Amendment 7 applies, and actions of an administrative nature, to which it does not apply. *See Gregg v. Hartwick,* 292 Ark. 528, 731 S.W.2d 766 (1987); *City of North Little Rock v. Gorman,* 264 Ark. 150, 568 S.W.2d 481 (1978); *Greenlee v. Munn,* 262 Ark. 663, 559 S.W.2d 928 (1978). We have long held that Amendment 7 is to be liberally

construed in order that its purposes may be effected. *Gregg v. Hartwick, supra; Leigh & Thomas v. Hall*, 232 Ark. 558, 339 S.W.2d 104 (1960).

The test for determining the character of municipal actions is well-established. A power or authority to be exercised is legislative in nature if it prescribes a new policy or plan, whereas it is administrative in nature if it simply pursues a plan already adopted by the legislative body. *Gregg v. Hartwick, supra;* ; *City of North Little Rock v. Gorman, supra; Greenlee v. Munn, supra; Scroggins v. Kerr*, 217 Ark. 137, 228 S.W.2d 995 (1950). In that regard, we have consistently held that the enactment of zoning ordinances constitutes municipal legislation. *City of Little Rock v. Pfiefer*, 318 Ark. 679, 887 S.W.2d 296 (1994); *Johnson v. Sunray Servs., Inc.*, 306 Ark. 497, 816 S.W.2d 582 (1991); *Mings v. City of Fort Smith*, 288 Ark. 42, 701 S.W.2d 705 (1986); *McMinn v. City of Little Rock*, 275 Ark. 458, 631 S.W.2d 288 (1982); *Wenderoth v. City of Fort Smith,* 251 Ark. 342, 472 S.W.2d 74 (1971). In *Wenderoth, supra*, we quoted with approval the following statement by the Alabama Supreme Court in *Ball v. Jones*, 130 So.2d 120 (Ala. 1961):

> Also, a rezoning of a certain area, as was done in the instant case, becomes a part of the existing comprehensive ordinance, and, a fortiori, is a legislative act.

While *Wenderoth, supra*, dealt with the propriety of *de novo* review in zoning appeals, the holding in that case was dependent upon our unequivocal characterization of rezoning as a legislative act. Therefore, it is clear under our well-settled case law that the zoning or rezoning of property is a legislative act.

Based upon the General Assembly's delegation of unrestricted legislative authority to city councils in rezoning matters, in that property may be rezoned "by a majority vote of the city council" without following the procedures set forth in Ark. Code Ann. § 14-56-422, and based upon our case law that unequivocally characterizes zoning and rezoning as legislative acts, I am compelled to conclude that rezoning may be the subject of an initiative process under Amendment 7. Indeed, this conclusion was foreshadowed over twenty-five years ago by Justice Conley Byrd's dissenting opinion in *Wenderoth, supra*:

Of course in matters involving legislative functions of city councils there is a right of referendum. But a change in the designation for which property may be used from single family to commercial or industrial, in accordance with the criterion established by an existing zoning ordinance, is nothing more than an exercise of a conclusion upon the facts presented or known. However, by today's decision, it is now a legislative matter, subject to the popular will of a city's inhabitants either through their elected officials or by their own vote in an initiative and referendum or both.

For these reasons, I respectfully dissent.

CORBIN, J., joins in this dissent.