BENTON, Circuit Judge.
Jason B. Aamodt and Maria B. Aamodt sued the City of Norfork, Arkansas, to enjoin the application of a 2008 zoning ordinance. They also requested records under the Arkansas Freedom of Information Act. The district court[1] granted summary judgment to the City. Having jurisdiction under 28 U.S.C. § 1291, this court affirms.
This court reviews de novo a grant of summary judgment. Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). Viewing the facts most favorably to the nonmoving party with the benefit of all reasonable inferences, summary judgment should be granted when the record shows no genuine issue of material fact, and that the moving party is entitled to judgment as a matter of law. Southeast Mo. Hosp. v. C.R. Bard, Inc., 642 F.3d 608, 611-12 (8th Cir.2011).
I.
The Aamodts challenge a 2008 ordinance prohibiting the short-term rental of their property. This ordinance was not filed with the County Recorder (unlike other City zoning ordinances), but was filed with the City clerk. The Aamodts claim this violates the City’s 1995 zoning ordinance, which states:
Article 06.01.03 Legislative Body Authority
(B) Procedures for amendments After adoption of plans and ordinances and regulations, and proper filing in the offices of the Recorder and the Recorder *737 of the Deeds of Baxter County, no alteration, amendment, extension, abridgment, or discontinuance of the plans or ordinance may be made except in conformance with the above procedure, or by a majority vote of the council. [Arkansas Statute 19-28301].
The citation to “Arkansas Statute 19-28301” apparently refers to Arkansas Stat. 19 — 2830(b) (Repl. 1985), which is now Arkansas Code § 14-56-423 (1987):
After adoption of plans, ordinances, and regulations and proper filing in the offices of city clerk and county recorder, no alteration, amendment, extension, abridgement, or discontinuance of the plans, ordinances, or regulations may be made except in conformance with the procedure prescribed in § 14-56-422, or by a majority vote of the city council.
The City’s article 06.01.03(B) mirrors Arkansas Code § 14-56-423. The Arkansas Supreme Court has held that § 14-56-423 authorizes a city council to change a zoning ordinance with only a “majority vote of the city council,” without following the procedure for adopting the original zoning plan. City of Russellville v. Banner Real Estate, 326 Ark. 673, 933 S.W.2d 803, 805 (1996). The Arkansas Supreme Court’s interpretation of the statute is binding in this diversity case. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 79, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). The Arkansas Supreme Court would interpret the City’s ordinance using the same principles it applied to the statute. Taggart & Taggart Seed Co. v. City of Augusta, 278 Ark. 570, 647 S.W.2d 458, 459 (1983). It is undisputed that the City passed the 2008 ordinance by a majority vote. The 2008 ordinance is valid.
The dissenting opinion relies on another subsection of the 1995 zoning ordinance — • article 06.01.03(A) — which requires that a zoning plan be filed with the County Recorder. In a case involving the parallel state statute, however, the Arkansas Supreme Court held that an amendment to a zoning plan, like the one in this case, requires only a “majority vote of the city council.” City of Russellville, 933 S.W.2d at 805. An amendment does not require compliance with the procedures in the zoning plan subsection.[2] Id.
II.
On appeal, the Aamodts assert that the 2008 ordinance is invalid because it does not contain a map. First, their complaint makes no such claim, and the district court did not rule on it. See Cole v. UAW, 533 F.3d 932, 936 (8th Cir.2008); Barham v. Reliance Standard Life Ins., 441 F.3d 581, 584 (8th Cir.2006). At any rate,, the authority they cite applies only to a “comprehensive zoning ordinance” affecting the “entire area of the municipality.” See Osborne v. City of Camden, 301 Ark. 420, 784 S.W.2d 596, 597 (1990), and Craft v. City of Fort Smith, 335 Ark. 417, 984 S.W.2d 22, 25-26 (1998), interpreting Ark. Code Ann. § 14-56-416 (1987). The 2008 ordinance was not a comprehensive ordinance affecting the entire area of the City.
On appeal, the Aamodts also argue that' the district court interpreted the AF-OLA in violation of the Privileges arid Immunities Clause of the United States Constitution. Compare Lee v. Minner, 458 F.3d 194, 201 (3d Cir.2006) (the citizensorily scope of the Delaware FOIA violates the Privileges and Immunities Clause), with McBurney v. Young, 667 F.3d 454, 467 (4th Cir.2012) (the citizens-only scope *738 of the Virginia FOIA does not violate the Privileges and Immunities Clause).
In their complaint, the Aamodts requested “compliance with the Arkansas freedom [sic] of Information Act,” and that “the defendant immediately produce all the documents requested in compliance with the Arkansas Freedom of Information Act.” The complaint, in its AFOIA claim, does not refer in any way to the Constitution. The district court also did not mention the Constitution in interpreting the AFOIA and ruling that the Aamodts lacked standing.
Because the Aamodts did not assert this constitutional claim in the district court, they cannot raise it on appeal. United States v. White Plume, 447 F.3d 1067, 1074 (8th Cir.2006); Kosulandich v. Survival Tech., Inc., 997 F.2d 431, 433 (8th Cir. 1993).,
$$$$$$
The judgment of the district court is affirmed.

. The Honorable P.K. Holmes, III, United States District Judge for the Western District of Arkansas.

. The dissenting opinion also raises issues of equity and practicality, which are best left to ■ the state legislature and the city council.